## STATE v. HJALMAR BENSON.[1]

May 13, 1927.

No. 25,944.

**Conviction for violating city ordinance where oral complaint was entered in court record.**

1. An oral complaint, charging an accused with unlawfully manufacturing intoxicating liquor, contrary to a city ordinance, properly sworn to and inserted in the court record, is sufficient as a basis for a conviction and sentence by a court having jurisdiction.

**Conviction sustained by evidence.**

2. The evidence amply justifies the judgment of conviction of the offense charged.

Intoxicating Liquors, 33 C. J. p. 707 n. 98; p. 708 n. 10; p. 758 n. 80.

[1]Reported in 213 N. W. 910.

Defendant was convicted in the municipal court of Minneapolis of the unlawful manufacture of intoxicating liquor contrary to the provisions of the city ordinance. He appealed from an order, Fosseen, J., denying his motion for a new trial. Affirmed.

*W. D. Scott*, for appellant.

*Clifford L. Hilton*, Attorney General, *Neil M. Cronin*, City Attorney, and *Palmer B. Rasmussen*, Assistant City Attorney, for the state.

QUINN, J.

Frank Bienapfl and P. J. Boldt, police officers of the city of Minneapolis, went to the home of defendant at 517 Tenth avenue south in that city on June 10, 1926. They found defendant sitting on the steps at the rear of his residence. His kitchen door was open. His wife and two men were sitting at a table in the kitchen. There were empty glasses on the table. The officers entered the kitchen, the defendant following them. There were 78 bottles of beer, ten gallons brewing in a jar and a large quantity of empty bottles, caps, a capping machine and a siphon hose in the room. The officers inquired of defendant whether he was selling beer. He said no, that he drank it himself. They asked why he was making ten gallons when he had so much on hand. He replied that he drank lots of it. The officers had no search warrant. They took two cases of empty bottles and arrested the defendant, taking him before the court. On the following day an oral complaint was made and entered in the clerk's record charging the defendant with unlawfully manufacturing intoxicating liquor as follows:

"That on the 10th day of June, 1926, at the city of Minneapolis, Hennepin county, Minnesota, the defendant then and there being, did wilfully, unlawfully and wrongfully manufacture a quantity of intoxicating liquor containing more than one-half of one per cent alcohol by volume, contrary to the provisions of an ordinance passed by the city council of the city of Minneapolis."

The defendant was arraigned upon such charge and pleaded "not guilty." The trial was set for a day certain at which time the defendant withdrew his plea of "not guilty" and entered a plea of

"guilty." The court thereupon sentenced him to a term of 90 days in the workhouse. Subsequently the sentence was vacated. The defendant withdrew his plea of "guilty" and entered a plea of "not guilty." On October 14 a trial was had, the defendant found guilty and sentenced to a term of 60 days in the workhouse. This appeal is from an order of the municipal court denying his motion for a new trial.

The two officers testified to facts substantially as above outlined and that the brew in the jar was sitting on the floor in the kitchen, that it was working, and that there was foam on the top of it.

The ordinance forbids the manufacture of intoxicating liquor of any kind in any quantity within the city. It is silent as to whether the complaint should be in writing. We are of the opinion and hold that the complaint as entered in the record was sufficient. It was made and entered in the record of the court. The so-called court tab amounted to no more than a mere index or memorandum for use by the court officials and was not intended as a complaint against the accused.

The brew in the ten-gallon jar found by the officers was in the process of manufacture and constituted the commission of the offense of manufacturing intoxicating liquor in the immediate presence of the officers which authorized them to make the arrest. The violation of a city ordinance, punishable by fine or imprisonment for a public offense, authorizes the arrest of the offender without a warrant by a police officer in whose presence the offense is committed. State v. Cantieny, 34 Minn. 1, 24 N. W. 458. The evidence was amply sufficient to make a question of fact for the court as to the contents of the jar.

Affirmed.