## STATE v. ANTONE TWORUK.[1]

July 8, 1927.

No. 26,120.

**How complaint for violating city ordinance may be made.**
    1. A complaint for violating a city ordinance may be made orally and entered in the court record.

**Proof of possession of intoxicating liquor.**
    2. That defendant had intoxicating liquor in possession for sale may be proved without offering the liquor in evidence.

**When search of defendant's premises would not be ground for reversal.**
    3. Even if the search of defendant's premises was unauthorized, it would not be ground for a reversal, and the liquor found was not offered in evidence.

Criminal Law, 17 C. J. p. 272 n. 2.
Intoxicating Liquors, 33 C. J. p. 762 n. 57, 58; p. 763 n. 64 New.
Municipal Corporations, 43 C. J. p. 459 n. 7.

Defendant appealed from an order of the municipal court of Minneapolis, Fosseen, J., denying his motion for a new trial. Affirmed.

*W. D. Scott* and *H. Z. Mendow,* for appellant.

*Neil M. Cronin,* City Attorney, and *Palmer B. Rasmussen,* Assistant City Attorney, for the state.

TAYLOR, C.

An ordinance of the city of Minneapolis prohibits having intoxicating liquor in possession for sale within that city. Defendant was convicted in the municipal court of violating that ordinance, and appeals from an order denying a new trial.

Defendant had a small grocery store in the front part of his building and lived in the back part. About 7:30 o'clock in the

[1] Reported in 214 N. W. 778.

evening of December 18, 1926, a police officer accompanied by Rudolph Hiltunen and Fred Soine went to the vicinity of this building. The officer gave Hiltunen a marked dollar bill. Hiltunen and Soine went to the door opening into the residence part of the house. Defendant admitted them. Hiltunen asked for a pint. He says he had been there before and that defendant knew what he wanted. Defendant gave him a pint bottle of "moon" for which Hiltunen paid him the marked dollar bill. Hiltunen and Soine returned to the officer to whom they delivered the bottle. The officer then went to the house, arrested defendant and searched the premises finding a quantity of "moonshine." He also demanded and received the dollar bill. Defendant asked the officer to let him go saying he "never would do this again." At the trial the officer, Hiltunen, and Soine testified. Defendant offered no evidence.

[1] Defendant contends that "a written complaint and search warrant is necessary before evidence can be received of criminal guilt in the matter of possession of intoxicating liquor."

The complaint was made orally and entered in the court record. Its sufficiency in form and substance as so entered is not questioned. That complaints for the violation of city ordinances may be made in that manner has long been settled. State v. Olson, 115 Minn. 153, 131 N. W. 1084; State v. LaDue, 164 Minn. 499, 205 N. W. 450; State v. Benson, 171 Minn. 292, 213 N. W. 910.

[2] The claim that evidence of possession was inadmissible because the officer had no search warrant is without merit. The liquor was not offered in evidence, nor even the bottle purchased by Hiltunen. The evidence of possession for sale was ample without it, for defendant sold intoxicating liquor to a casual customer. This is undisputed and sufficient to sustain the charge. It furnishes no ground for the claim of entrapment, and there was no need to offer the liquor in evidence in view of the uncontradicted testimony.

[3] But if the liquor found had been offered in evidence, it would not be ground for a reversal even if the search was unauthorized. State v. Pluth, 157 Minn. 145, 195 N. W. 789, and cases there cited.

Order affirmed.