## STATE v. WILLIAM ABDU.[1]

December 2, 1927.

No. 26,382.

**When objections to manner of arresting defendant are waived.**

1. Where there is no objection, motion or other proceeding challenging the legality of the arrest in a criminal case until after defendant has been arraigned and has pleaded not guilty to the charge, the defendant submits himself to the jurisdiction of the court and waives all objections to the manner of the arrest.

**Complaint sufficient.**

2. The complaint in this case is *held* sufficient and was made and entered in time and in the manner approved by our former decisions.

[1]Reported in 216 N. W. 540.

**Conviction sustained.**
>    3.   The evidence is *held* to sustain the conviction.

**Judgment of municipal court valid.**
>    4.   The judgment entered in the record of the municipal court is a sufficient and valid judgment, and the record of the court controls.

Criminal Law, 16 C. J. p. 310 n. 32; p. 358 n. 53.
Intoxicating Liquors, 33 C. J. p. 708 n. 9; p. 761 n. 53; p. 762 n. 58.

Defendant was convicted in the municipal court of Minneapolis of having intoxicating liquor in his possession for sale. He appealed from the judgment of conviction, Fosseen, J. Affirmed.

*W. D. Scott* and *H. Z. Mendow*, for appellant.

*Neil M. Cronin*, City Attorney, and *Palmer B. Rasmussen*, Assistant City Attorney, for the state.

OLSEN, C.

Defendant was convicted in the municipal court of the city of Minneapolis of the offense of having intoxicating liquor in his possession for the purpose of sale contrary to an ordinance of the city. He appeals from the judgment so convicting him.

1. The first objection urged is that the defendant was arrested without a warrant and that his arrest was unlawful.

The certified record from the municipal court discloses that the defendant was arraigned in that court on June 6, 1927, and then entered a plea of guilty and was sentenced; that a stay of execution was granted until June 8 and defendant released on cash bail; that on June 8 defendant moved to be permitted to withdraw his plea of guilty and to enter a plea of not guilty. This motion was granted and the judgment of conviction vacated. Defendant then entered a plea of not guilty and the case was continued, first, to June 10 and again to June 14, on which day the trial was had and defendant convicted and sentenced. The record discloses no objection, motion or proceeding challenging the legality of the arrest until after the hearing of the evidence on the trial had commenced, when defendant's counsel objected to the introduction of any evidence on that and other grounds.

No issue as to the legality of the arrest is raised by the complaint or indictment and the plea of not guilty thereto in a criminal case, and the arrest is no part of the proceeding on the trial of the cause. Unless the question of the legality of the arrest is raised by proper motion or other proceeding before the plea of not guilty is entered, it is waived and cannot thereafter be urged or reviewed. By twice pleading to the complaint, by moving for relief from his first plea, by giving bail and obtaining continuances, and by his final plea of not guilty, without any objection or motion questioning the arrest, the defendant fully submitted to the jurisdiction of the court and he cannot now be heard to question the legality of the arrest. State ex rel. Brown v. Fitzgerald, 51 Minn. 534, 53 N. W. 799.

2.   Defendant's next objection is to the complaint, or rather that the complaint was not entered in the record book of the court until after the arraignment, that it was entered too late. To sustain this objection, defendant offered the testimony of one of the deputy clerks of the court, whose somewhat confused testimony is to the effect that he did not enter the complaint in the book or know when it was entered, but that it was so entered after the arraignment, but on the same day and when defendant was present in court. The record of the court, received in evidence, shows a proper and sufficient complaint entered on that record prior to the arraignment and plea, and must be held to control. It may be noted also that this was on June 6, and it is not denied that the complaint was entered on that day, so that when defendant was again arraigned and entered his plea of not guilty on June 8, a proper and sufficient complaint was on record and had been on record for two days.

The complaint was made and entered in the manner referred to in the cases of State v. Olson, 115 Minn. 153, 131 N. W. 1084; State v. Benson, 171 Minn. 292, 213 N. W. 910, and other cases, and is held sufficient.

3.   The evidence has been examined and found sufficient to sustain the conviction. The police officers testified that they went to defendant's apartment and there found a five gallon jug about half full of moonshine whisky; that they found whisky glasses in the

pantry, empty beer bottles under the sink and two glasses on the table in the living room; that the apartment consisted of a living room, bedroom and a small kitchenette; that the living room smelled of liquor; that there were three men and three women sitting around in the living room; that defendant was under the influence of liquor and was moving around; that defendant admitted it was his apartment and that the liquor belonged to him; that he said he would go down to court and plead guilty. Defendant offered no evidence on the issue.

4. It is urged that there is no sufficient judgment. The settled case does not disclose any sufficient judgment, but here again the certified record of the court shows a proper conviction and sentence, and controls.

Judgment affirmed.