STATE OF WEST VIRGINIA *v.* JESS WARNER.

(No. 7143)

Submitted March 1, 1932. Decided March 8, 1932.

*Everett F. Moore,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MAXWELL, JUDGE:

Defendant was convicted in the circuit court of Marshall County of the unlawful possession of "moonshine" liquor. A prior conviction under the prohibition law was alleged and proved. This brings the second offense to the grade of felony under the statute. Sentence of confinement in the state penitentiary for one year was imposed. Writ of error was awarded defendant.

A small building admittedly under lease and occupancy by the defendant for storage of furniture and household effects was searched by officers under a search warrant which specifically and definitely identified the building but referred to the party occupying the same as "name unknown." In the building the officers found containers consisting of a keg, jugs and many bottles; also four funnels, many corks and a bottle of dark liquid which the officers said could be used for coloring liquor. The only liquor found in the building consisted of dregs in the keg and jugs. Just outside the building there was found liquor in a jug and several pint bottles. Part of it was concealed under the steps which came down on the outside from the second story of the building. The jugfull was found at the corner of the house, partly concealed under a box.

If it be admitted, as contended by defendant, that the amount of liquor found inside the building was of inconse-

quential amount and not sufficient to sustain a conviction of unlawful possession of moonshine liquor, there remains a jury question as to whether the defendant, as occupier of the building, must, in the light of all the circumstances, be deemed the possessor of the containers of liquor found secreted just outside the building. Defendant's contention that evidence of liquor outside the building was improperly admitted on the ground that the seizure thereof was not justified under the search warrant, is not well taken. The warrant authorized the search not only of the building but of the premises. Evidence of the discoveries was proper for jury determination, though the defendant contended that his right of occupancy extended to the building only.

Defendant was not on the property when the search was made. He was arrested in that vicinity a little later. He contends that because neither his name nor description appears in the search warrant, his arrest was illegal. That question becomes moot because no evidence was obtained against him as a consequence of or as incidental to his arrest. ''The unlawful arrest of one suspected of a crime is no bar to his prosecution for the offense upon a proper warrant or indictment subsequently issued or found against him.'' *State* v. *Snodgrass,* 91 W. Va. 553, 114 S. E. 136. To the same effect: *State* v. *McClung,* 104 W. Va. 330, 140 S. E. 55.

The court gave fourteen of the sixteen instructions tendered by defendant. Nos. 5 and 11 were properly refused. The former would have told the jury that in order to convict they must believe him guilty under the evidence beyond a reasonable doubt, ''to the exclusion of every other person.'' This is unsound. The defendant might of course be legally convicted of the offense charged though someone else were associated with him in the crime. No. 11 would have predicated the right of the jury to convict the defendant solely upon the evidence with reference to ''moonshine'' liquor found within the building. This would have improperly excluded consideration of the liquor found outside of the building. We find no error in the instructions which were given on motion of the state.

Being unable to perceive wherein the defendant has suffered prejudice, we affirm the judgment.          *Affirmed.*