## STATE v. THOMAS RUSSELL.[1]

March 7, 1941.

No. 32,593.

*A. S. Dowdall,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

PER CURIAM.

Defendant was charged with a violation of the city ordinance of Minneapolis relating to the sale of intoxicating liquors, in that on May 1, 1940, he sold such liquor at 405 Sixth avenue south, in said city, to Wilbur Gustafson, without having a license. He was convicted and sentenced, and appeals.

[1] Reported in 296 N. W. 575.

The main contention is that the evidence does not sustain the conviction. Wilbur Gustafson testified that he went to the place mentioned at 1:30 in the morning on May 1, 1940, and asked for some drinks for his party; that the waitress Pearl Wyman said no drinks were served, but that a half-pint bottle could be bought for one dollar; that he paid her one dollar and she brought him a half-pint bottle labeled "Belle of Bourbon"; that he smelled the contents and it was whiskey; that defendant was in the place, a large room fitted up with a bar on one side and restaurant booths on the other; and that there were a number of persons then in the place. Gustafson was a police officer in civilian clothes. He arrested Pearl Wyman at the time, and defendant asked the officer to take him to jail instead, but the offer was declined. Pearl Wyman was called by the state and testified that she had worked nights for some time at the place as waitress, was hired and paid by defendant; that she sold the bottle of whiskey to Gustafson, as he testified; that she got the bottle from the cook in the kitchen; and that she placed the dollar received from Gustafson in the cash register, in the restaurant, and rung it up. Her husband, a trucker, testified that defendant employed him to move him into this restaurant and also to bring a box of bottled liquor there. This is but an outline of the evidence, but sufficiently shows a basis for conviction.

Error is also assigned on the ground that the bottle purchased was not produced at the trial. Gustafson testified that the bottle was in court at the time Pearl Wyman was tried upon the charge for the illegal sale thereof; that he, Gustafson, carried the bottle to his home and placed it on top of the icebox, from which place it fell and was broken in the fall and contents spilled. It is now claimed that there was a destruction of evidence that should defeat the prosecution. To what extent this incident discredits the testimony of Gustafson was for the trial court. There was no error in permitting the testimony as to the labels and stamps upon the bottle when sold; nor as to the odor of the contents.

There was no license granted to sell intoxicating liquors at 405 Sixth avenue south. Courts take notice of the fact that whiskey is an intoxicating liquor. State v. Lewis, 86 Minn. 174, 176, 90 N. W. 318; State v. La Due, 164 Minn. 499, 503, 205 N. W. 450; State v. Tworuk, 172 Minn. 130, 214 N. W. 778. Gustafson testified that the bottle contained whiskey from having smelled it.

Affirmed.