THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH FRECCIA, JR., Appellant.

*Per Curiam.* On this appeal from an order denying appellant a hearing on his application to set aside a conviction for murder, second degree, on his plea of guilty, appellant contends that the conviction was obtained by fraud, deceit and misrepresentation; that he did not retain the counsel shown by the records as his retained counsel; that he was not advised of his right to counsel nor of his right to a jury trial and that the plea of guilty was not made by him, but by the counsel whom he did not retain. The affidavits of his counsel, Mr. Goldman, .and of the District Attorney, deny any acts of fraud, trickery, deceit or misrepresentation. The visiting room record card from Auburn Prison shows that Goldman visited appellant on four occasions prior to his plea and on two of those visits he was accompanied by appellant's brother. The plea of guilty was a waiver of a jury trial and appellant made no protest when it was entered. A plea of guilty through counsel made in open court does not constitute grounds for a reversal of a judgment of conviction. (*People* v. *Sadness,* 300 N. Y. 69.)

Appellant relies on *People* v. *Richetti* (302 N. Y. 290); *People* v. *Langan* (303 N. Y. 474); *People* v. *Guariglia* (303 N. Y. 338); *People* v. *Alessi* (280 App. Div. 961); *Matter of Bojinoff* v. *People,* 299 N. Y. 145), and *People* v. *Smith* (281 App. Div. 1069). We think in none of those cases was the documentary and other proof presented by the People so complete as here. The court in the present case had before him ample proof to refute all the charges made by petitioner. In the *Richetti* case Judge DESMOND wrote concerning the rules laid down in *Hysler* v. *Florida* (315 U. S. 411) and *Taylor* v. *Alabama* (335 U. S. 252) : " Each says that Federal due process requires no trial if the State courts be convinced, *on the record,* that there is no reasonable probability at all, that defendant's averments are true." (*People* v. *Richetti,* 302 N. Y. 290, 295–296, *supra.*) Applying that rule, we think the Special Term was justified in denying a hearing to appellant.

The order should be affirmed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Van Duser, JJ.

Order affirmed.