■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH CHIRIELEISON, Appellant.— On this appeal from a judgment of conviction rendered in the County Court, Kings County, and from the sentence imposed thereon, review is sought of an intermediate order denying appellant's motion to dismiss the indictment for failure to prosecute. Appellant was convicted on his plea of guilty to petit larceny under an indictment charging him with robbery and grand larceny in the first degree, and with assault in the second degree, and was sentenced to imprisonment for one year, execution of which was suspended. Order reversed on the law, motion granted, indictment dismissed, and judgment vacated. In accordance with the sentence on an unrelated conviction, appellant was released from jail approximately five years after the indictment under attack had been presented, during which time no attempt had been made to bring him to trial. Under the circumstances, he was entitled to dismissal of the indictment (*People* v. *Prosser,* 309 N. Y. 353). The fact that the case was marked ready for trial thereafter did not serve to revive the validity of the indictment. In the *Prosser* case, delay, attributable in part to Prosser, between time of release and the trial was not regarded as affecting his accrued right to dismissal (cf. *People* v. *White,* 2 N Y 2d 220). No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment. Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: By his plea of guilty appellant waived his right to trial (*People* v. *La Barbera,* 274 N. Y. 339; *People* v. *Freccia,* 284 App. Div. 1020), and with it the constitutional guarantees as to personal privileges with respect to the conduct of criminal prosecutions. (*McCarty* v. *Hopkins,* 61 Neb. 550; *Hudspeth* v. *State,* 188 Ark. 323, cert. denied *Hudspeth* v. *Arkansas,* 296 U. S. 642; *People* v. *Popescue,* 345 Ill. 142.) Having waived his right to a trial, appellant may not complain that he was not brought to trial promptly or that he has been exposed to the hazard of a trial after so great a lapse of time that the means of proving his innocence may not be within his reach. (Cf. *People* v. *Prosser,* 309 N. Y. 353, 356–357.)