Benjamin Gassman, P. J.
The defendant, charged with a violation of section 56-b of the Vehicle and Traffic Law pleaded guilty in the Chief Magistrate’s Term and was sentenced to serve 20 days in the workhouse. On this appeal, he urges (1) that the plea of guilty was not interposed by the defendant personally but by his attorney, (2) that he was not advised under section 131 of the New York City Criminal Courts Act of his right to a trial before three Justices at the Court of Special Sessions, and (3) that the sentence was excessive.
It is defendant’s contention that under section 335 of the Code of Criminal Procedure a plea of guilty can only be interposed by a defendant himself in open court. “This requirement”, says the defendant in his brief, “is immutable in light of the fact that the charge was a misdemeanor”. The District Attorney, seizing on this statement, urges that if the offense charged was a misdemeanor, the appeal should have been addressed to the Appellate Division and should be dismissed by this court for lack of jurisdiction.
To clear the case of any legal cobwebs, the following observations are necessary and relevant.'
Section 56-b of the Vehicle and Traffic Law, which the defendant is charged with having violated and to which he pleaded guilty does not expressly define a violation thereof to be either a felony or a misdemeanor. It must therefore be deemed to be *299 a traffic infraction under section 155 of the Vehicle and Traffic Law which defines “traffic infraction” as “The violation of any provision of this chapter or of any law, ordinance, order, rule or regulation regulating traffic which is not declared by this chapter or other law of this state to be a misdemeanor or a felony”. That section also provides that: “ In cities having a population in excess of one million, a city magistrate shall have exclusive jurisdiction to hear and determine any complaint alleging a violation constituting a traffic infraction ’ This appeal therefore, is properly before this court.
We now come to the consideration of the question whether the fact that the defendant did not plead guilty personally but did so through his attorney, requires a reversal of the judgment. In People v. Sadness (300 N. Y. 69, 73) the court said: “As we read the language of section 335, compliance with its mandate depends upon the putting in of the plea in open court, rather than upon the circumstance that the actual word ‘ guilty ’ must issue from the mouth of the defendant himself (Matter of Rudd v. Hazard, 266 N. Y. 302).” The record shows that the defendant was present in court at his arraignment and stood by his attorney when the latter pleaded guilty for him. He did not protest nor did he demur when his attorney interposed the guilty plea. The acceptance of the defendant’s guilty plea through his counsel in open court under the circumstances here disclosed, “ did not amount to such statutory noncompliance [with § 335] as to constitute grounds for reversal of the judgment of conviction had thereunder.” (People v. Sadness, supra, p. 73.) (See, also, People v. Freccia, 284 App. Div. 1020.)
The judgment must therefore be affirmed. However, on the question of the sentence, we believe that the interests of justice will be served by a reduction of the prison sentence to five days. The defendant is 18 years of age and has no prior conviction. He resides with his family, attends high school and is gainfully employed during evenings. He has spent a total of five days in jail before he was released on bail.
The judgment should be modified by reducing the prison sentence to five days and, as modified, affirmed.
Loscalzo and Flood, JJ., concur.
Judgment modified, etc. , . • ;