STATE EX REL. GEORGE OSCAR RAJALA v.
DOUGLAS C. RIGG.

101 N. W. (2d) 608.

February 26, 1960—No. 37,903.

*George Oscar Rajala,* pro se, for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent.

NELSON, JUSTICE.

Relator was charged with having committed the crime of grand larceny in the first degree, the charge more particularly being that he feloniously stole an automobile. The information was duly filed and relator was arraigned in district court. Relator made his appearance with

counsel who entered a plea of guilty in his behalf. The transcript of the arraignment indicates the following procedure:

"BY THE COURT:

"Q   Your full name is George Oscar Rajala?

"A   Yes.

"Q   Are you married?

"A   Yes.

"Q   Where does your wife live?

"A   727 West Second Street.

"Q   Any children?

"A   Yes; two.

"Q   What day, month and year were you born?

"A   February 15th, 1918.

"THE COURT: I am not saying whether you did this or not; if you did, you are old enough to know better. The County Attorney filed— are you familiar with the contents, taking an Oldsmobile bearing a Texas number.

"MR. FRIEDMAN: That's right.

"THE COURT: What is the plea?

"MR. FRIEDMAN: Guilty.

"THE COURT: You are hereby adjudged guilty."

Sentence was imposed and a warrant of commitment issued pursuant to which relator has been confined in the state prison since December 17, 1955, under an indeterminate sentence for a period not to exceed 10 years.

On May 8, 1959, relator petitioned the District Court of Washington County for a writ of habeas corpus. An order for the writ followed and a return was filed by respondent, the warden of the prison. Thereafter a trial was held and the trial court found that none of relator's allegations were true; that respondent was in lawful custody; and that relator had never been discharged from such custody by due course of law or by competent authority. Relator thereupon served a notice of appeal.

No traverse was filed in this case and respondent's return showing the proceedings above described stands unchallenged. State ex rel. Shelby v. Rigg, 255 Minn. 356, 96 N. W. (2d) 886.

Relator contends that he is illegally restrained because the proceedings leading to the judgment of conviction constituted a denial of due process; that the proceedings were in contravention of the provisions of Minn. Const. art 1, § 7, and U. S. Const. Amend. XIV because the district judge exceeded the authority vested in him by accepting the plea of guilty. He further contends that the trial court failed to comply with the statutory requirements of M. S. A. 630.29 and 611.03 and that this failure deprived the court of jurisdiction.

Section 630.29 provides:

"A plea of guilty can in no case be put in except by the defendant himself in open court, unless upon an indictment against a corporation, in which case it may be put in by counsel. At any time before judgment the court may permit it to be withdrawn and a plea of not guilty substituted."

Section 611.03 provides:

"No person indicted for any offense shall be convicted thereof, unless by admitting the truth of the charge in his demurrer, or plea, by confession in open court, or by verdict of a jury, accepted and recorded by the court."

The questions involved on appeal are as follows: Was relator deprived of his constitutional rights and the court of its jurisdiction by the plea's being received by the court from the words of relator's counsel, in relator's presence, rather than directly from relator's own lips? Is appellant entitled to a discharge from custody in view of the uncontroverted allegations of the return? The single point presented by the petition for habeas corpus arises from the proceedings upon arraignment.

■ The several state jurisdictions are not in accord as to whether an attorney may enter a plea for the accused under common law. See, Annotation, 110 A. L. R. 1300.

The Federal courts have no statutes to apply similar to § 630.29, but the Federal decisions are typified by United States v. Denniston (2 Cir.) 89 F. (2d) 696, 110 A. L. R. 1296, where the court held that the fact that the plea of guilty was not made by the defendant

personally but by his attorney did not invalidate the plea where defendant was actually present and apparently acquiesced with full understanding of what was going on.

In United States v. Moe Liss (2 Cir.) 105 F. (2d) 144, appellant contended that he did not plead guilty as a result of his attorney's statement to the jury in summing up at the close of the case, "I say that the defendant Moe Liss is guilty of the second count of the indictment." In that instance the trial judge asked whether the defendant pleaded guilty to the second count, to which his attorney replied that defendant did so plead. The court said (105 F. [2d] 145):

"* * * The point urged is that he was not asked directly whether he pleaded guilty and did not himself utter any words or make any signs. But he was present and said nothing when his attorney told the jury that he was guilty * * *. The plea of guilty to the second count was sufficient."

It was held in People v. Freccia, 284 App. Div. 1020, 134 N. Y. S. (2d) 792, 793, that:

"* * * A plea of guilty through counsel made in open court does not constitute grounds for a reversal of a judgment of conviction," citing People v. Sadness, 300 N. Y. 69, 89 N. E. (2d) 188.

In Petition of Morelli (Ohio App.) 148 N. E. (2d) 96, the petitioner was indicted for the offense of assault with intent to rob. A plea of not guilty was entered. The case came on for trial and a jury was impaneled and sworn. On the second day of the trial, counsel for petitioner stood up and changed petitioner's plea of not guilty to that of guilty. The trial court made no inquiry of the petitioner directly as to whether he desired to change his plea. Sentence was pronounced and petitioner's imprisonment followed. A subsequent writ of habeas corpus was dismissed and petitioner appealed. It was held on appeal (148 N. E. [2d] 98):

"* * * that a plea of guilty when entered by counsel has the same force and effect as a plea personally entered by the accused when the latter is present in court and the circumstances are such as to show

clearly that the accused understands what is being done and acquiesces therein."

The Ohio statutes are silent as to the manner in which the plea shall be made.

In Cottrell v. Commonwealth, 187 Va. 351, 46 S. E. (2d) 413, accused was represented in a rape prosecution by court-appointed counsel. A plea of not guilty was entered. After the trial commenced and the evidence was partially in, the plea was withdrawn and a plea of guilty entered. The defendant contended that the plea of guilty was not in proper person, having been entered by counsel. The Virginia court stated that there was no longer a constitutional requirement in Virginia that the plea of guilty be made in person; that it was still a statutory requirement (Va. Code of 1942, § 4900) but, being only statutory, it could be waived.

In Cumberland v. Warden, 205 Md. 646, 648, 109 A. (2d) 66, 67, certiorari denied, 348 U. S. 929, 75 S. Ct. 344, 99 L. ed. 729, the Maryland court denied leave to appeal in habeas corpus proceeding, stating:

"* * * Counsel * * * had a right to speak for the accused both in the matter of jury trial and plea of guilty. * * * If the defendant acquiesces, the point could not be raised even on direct appeal where the scope of review is far wider." (Numerous Maryland cases cited.)

In Garland v. Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. ed. 772, Garland had been tried and convicted of the crime of larceny under the laws of the State of Washington. He appealed to the supreme court of that state where the judgment was affirmed. The case was reviewed on a writ of error in the Supreme Court of the United States and affirmed. It appears that the accused was not arraigned before trial, but he was tried as though he had been arraigned and had pleaded not guilty. The U. S. Supreme Court held that the accused was deprived of no right or privilege. The object of arraignment is to inform the accused of the charge against him and to obtain an answer from him and that purpose had been subserved. The state court had held that the accused was deprived of no substantial right and that since he

failed to make objection before trial it was waived and could not be subsequently taken. It was claimed that such ruling deprived the accused of his liberty without due process of law within the meaning of U. S. Const. Amend. XIV. It was held that due process of law does not require the state to adopt any particular form of procedure so long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself. The court said that the want of formal arraignment did not deprive the accused of any substantial right or change the course of the trial to his disadvantage; that the requirements of due process were fully met and the objection was merely a formal one, citing Rogers v. Peck, 199 U. S. 425, 26 S. Ct. 87, 50 L. ed. 256.

In United States v. Denniston (2 Cir.) 89 F. (2d) 696, 698, 110 A. L. R. 1296, 1299, which was an appeal and not habeas corpus, the court said:

"But there is a technical objection to the plea itself. It is argued that as it was entered by the attorney and not by the appellant personally it is of no effect. While it is true that in ancient times when the rights of an accused were comparatively few much stress was laid upon the formality of arraignment and plea, especially in felony cases, and plenty of authority may be found to the effect that a plea of guilty at common law had to be made by the accused himself after he had been adequately identified, we are not disposed to subscribe to such rigidity of procedure. The reason for it has disappeared with the acceptance and use of modern methods which preserve the substance of all the rights of an accused person without so much sacrifice of the rights of the public before the altar of mere form. If an indicted person is actually present in open court with his attorney who is competent to represent him and does so under circumstances which fairly show that the attorney speaks for his client who understands what is being done and its import and who acquiesces when the attorney enters a plea of guilty for him, nothing but a slavish adherence to archaism could underlie a holding that the plea was void. When the essential presence of an accused in the court having jurisdiction is a fulfilled condition, there is no express requirement in the federal law that in

pleading to an indictment he must actually speak for himself or remain mute in order that a valid plea may be entered. And what was said in Garland v. State of Washington, 232 U. S. 642, 34 S. Ct. 456, 58 L. Ed. 772, in overruling Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, as to compliance with ancient formality in respect to arraignment, seems a clear guide to decision on the point now before us. *Let the accused be actually present in the court of competent jurisdiction; let the circumstances show clearly that he knew and understood what was being done; let it be made clear that he acquiesced in a plea of guilty then entered for him by his attorney and the plea should have exactly the same force and effect as though he had spoken himself in the words of the attorney.* So we hold the plea of guilty valid." (Italics supplied.)

■ Determination of whether a plea of guilty must be entered by the defendant in open court depends upon whether the statute is mandatory or directory. This court, speaking through Mr. Chief Justice Brown, in Farmers Co-op. Elev. Co. v. Enge, 122 Minn. 316, 320, 142 N. W. 328, 330, viewed that question as follows:

"There is no well-defined rule by which directory provisions of a statute may be distinguished from those which are mandatory. A statute couched in permissive language may, when construed in the light of the manifest purpose and intention of the legislature, be mandatory, and a failure of compliance therewith fatal to rights asserted thereunder. And a statute, mandatory in language, may be merely directory, depending upon the object to be subserved by the particular requirement. In cases where the statute does not, in express terms, require the thing to be done, and the act provided for is merely incidental or subsidiary to the chief purpose of the law, and not designed for the protection of third persons, *and the statute does not declare the consequences of a failure of compliance,* the statute will ordinarily be construed as directory and not fatal to rights granted. 2 Sutherland, St. Const. 610, et seq." (Italics supplied.)

M. S. A. 630.29 does not indicate that unless a plea of guilty is made in open court by the defendant himself there is no basis for a judgment

of conviction. One of the roles of counsel is to speak for his client before the courts. Did the legislature in enacting § 630.29 intend that counsel for defendant in a criminal action could not speak for his client in entering a plea either of guilty or not guilty where the statute does not specifically say "by defendant himself and not by counsel"? Of course, the plea of guilty entered by the defendant himself in his own words may be more direct evidence of guilt than the same plea spoken to the court by his attorney. But the statute does not state the consequences (if any were intended) when counsel for the defendant enters the plea on his behalf and in his presence. The statute says that any time before judgment the court may permit the plea to be withdrawn and a plea of not guilty substituted.[1]

For cases holding a statute directory and not mandatory, involving jurisdiction, see Rutz v. Tennant & Hoyt Co. 191 Minn. 227, 253 N. W. 665; Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517; 17 Dunnell, Dig. (3 ed.) § 8954, and cases cited.

We conclude that the provisions of § 630.29 here in question are directory and not mandatory, involving jurisdiction, and that the presence of the defendant, whether represented by counsel or not, is the requirement vital to compliance with the statute.

■ This court considered the question of jurisdiction in Carlson v. Phinney, 56 Minn. 476, 58 N. W. 38, and held that where the parties to an action are before a court of competent jurisdiction it may order judgment against a defendant, no matter how stale or absurd the claim may be, and that such an order or judgment entered thereon is within the jurisdiction of the court, although erroneously made or entered, and that therefore it can only be reviewed on appeal.

This court in Breeding v. Swenson, 240 Minn. 93, 96, footnote 3, 60 N. W. (2d) 4, 7, said that:

"It should be borne in mind that, where a defendant has had the opportunity but has failed to appeal from a conviction, not every violation

---

[1]See State v. Jones, 234 Minn. 438, 48 N. W. (2d) 662, as to discretion of trial court under § 630.29 to permit a defendant in a criminal case at any time before judgment to withdraw a plea of guilty and substitute therefor a plea of not guilty.

of a constitutional right is such a deprivation of due process as will vitiate the conviction and make it subject to collateral attack in habeas corpus. See, Yakus v. United States, 321 U. S. 414, 444-445, 64 S. Ct. 660, 677, 88 L. ed. 834, 859-860."

And in State ex rel. Baker v. Utecht, 221 Minn. 145, 150, 21 N. W. (2d) 328, 331, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034, the court said that:

"It is not every denial of constitutional rights that violates the due process clause of the Fourteenth Amendment so as to deprive the trial court of its jurisdiction to proceed and thereby render its judgment void and subject to a collateral attack in a *habeas corpus* proceeding. The denial of certain constitutional rights, *where the right to due process of law is left unimpaired,* is not fatal to the jurisdiction of the court, and the error resulting from such denial is to be corrected through appeal and not by resorting to the extraordinary remedy of *habeas corpus."*

In the instant case the corrective processes provided by appeal as a part of relator's right to due process of law were his for the asking. It is to be presumed that relator, represented by counsel, acted advisedly for his own best interest. The record indicates that he waited 4 years before filing a petition for a writ of habeas corpus and without any showing that he sought protection of his rights, if any had been violated, through the processes of appeal or that he acted upon the advice of his counsel in that regard. It would seem therefore that relator, having of his own volition elected not to avail himself of the right of appeal, comes late when the time for appeal has expired and he selects the remedy of habeas corpus as a substitute to launch a collateral attack upon a judgment that so far as this record discloses is valid upon its face. Relator has advanced no legitimate reason why he did not pursue the remedy of a timely appeal. See, In re Lincoln, 202 U. S. 178, 26 S. Ct. 602, 50 L. ed. 984; Graham v. Squier (9 Cir.) 132 F. (2d) 681; State ex rel. Baker v. Utecht, *supra.*

The record is clear that neither the relator nor his counsel made any objection to the procedure adopted. The presumption of regularity which envelops a judgment justifies the inference here that

both relator and his counsel did what was intended in entering the plea of guilty. Relator's petition does not allege that his counsel was not authorized to do what he did. Relator had been previously convicted of a felony. He knew the consequences. He knew and understood the import of the crime with which he was charged and he does not claim innocence. It must be assumed from the record before us that by his own silence he waived any right to voice his plea in person, choosing to speak through his counsel. He lost no right by so doing; the right of appeal was still his. It is well established by the decisions of this state that, except as limited by public policy, a person may waive any legal right, constitutional or statutory. Martin v. Wolfson, 218 Minn. 557, 16 N. W. (2d) 884. This rule was restated in State ex rel. Shelby v. Rigg, 255 Minn. 356, 96 N. W. (2d) 886.

Obviously the relator intended at the time of arraignment to plead guilty and that such intent was to be expressed on his part by and through his counsel.

6. The judgment of conviction in the instant case is presumptively valid unless it appears affirmatively from the record that the court was without jurisdiction. The record in this case shows no such lack of jurisdiction. See, State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99; Breeding v. Swenson, *supra*; State ex rel. Shelby v. Rigg, *supra*; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229.

■ As an instrument for collateral attack upon a judgment or sentence in a criminal action, habeas corpus has limited application. It is a civil remedy, separate and apart from the criminal action, and it may not be used as a substitute for a writ of error or appeal or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. Ordinarily its only function is to ascertain (1) whether the court had jurisdiction of the crime and of the person of the defendant; (2) whether the sentence was authorized by law; and (3) whether the defendant was denied certain fundamental constitutional rights.

We conclude that relator's claim of lack of due process is without

substance. Lack of jurisdiction of the trial court does not appear. The order of the court below must be affirmed.

Affirmed.