STATE EX REL. WILBER E. FARRINGTON
v. DOUGLAS C. RIGG.

107 N. W. (2d) 841.

March 3, 1961—No. 38,224.

*Wilber E. Farrington,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

Loevinger, Justice.

This is an appeal from a district court order denying a petition for a writ of habeas corpus. Petitioner is serving a life sentence for murder. The killing occurred on August 25, 1939. Construing the petition with the great liberality extended to pro se pleadings, it alleges that petitioner was illegally arrested and jailed in the early morning hours of August 26, 1939, that the arrest was without warrant or reasonable cause, and that petitioner was denied a preliminary hearing. On August 29, 1939, petitioner was indicted for murder in the first degree. Thereafter he was tried, found guilty, and duly committed to the penitentiary.

Petitioner has previously sought a writ of habeas corpus unsuccessfully and has appealed from the denial. That appeal was dismissed on procedural grounds. State ex rel. Farrington v. Rigg, 248 Minn. 49, 78 N. W. (2d) 721. Since the merits of petitioner's allegations were not considered previously, we have examined his contentions on this appeal.

Giving petitioner's claims the form in which they would be cast by a lawyer, they are that since petitioner was arrested and held illegally by the police the court did not acquire jurisdiction over him and therefore his subsequent trial and sentence are void. In support of such claims petitioner refers to the Webb[1] and Coplon[2] cases. In the Webb case a defendant was arrested illegally for an alleged misdemeanor. At the beginning of trial defendant moved for dismissal on the ground the court had no jurisdiction over his person. When the motion was denied and the court threatened to proceed with trial, defendant sought and secured a writ of prohibition from this court on the ground the

---

[1]City of St. Paul v. Webb, 256 Minn. 210, 97 N. W. (2d) 638.

[2]United States v. Coplon (2 Cir.) 185 F. (2d) 629, 28 A. L. R. (2d) 1041, certiorari denied, 342 U. S. 920, 72 S. Ct. 362, 96 L. ed. 688.

municipal court had no jurisdiction over his person because of the illegal arrest. However, this court noted that defendant might be tried if he were brought before the trial court again under a proper warrant.

The Coplon case involved an appeal from a judgment of conviction of conspiring to defraud the United States. The court of appeals held that the arrest of the defendant was illegal and that therefore evidence secured at the time of the arrest was incompetent and inadmissible against defendant. In both the Webb case and the Coplon case it was plainly stated that the decision did not preclude trial and conviction of defendant when properly brought before the court.

While many of the modern cases hold that where a defendant is unlawfully arrested a search made as a part of the arrest is also unlawful and evidence obtained thereby is inadmissible against that defendant,[3] this does not imply that defendant is thereby granted immunity from prosecution or amnesty from punishment for offenses committed. No case intimates such a rule. Further, it should be noted that the rule established by the Minnesota cases is that evidence is admissible even when it has been obtained by unlawful search.[4]

In considering this issue we must differentiate between jurisdiction of the subject matter and jurisdiction of the person. Jurisdiction of the subject matter cannot be conferred by consent. A sentence pronounced by a court which lacks jurisdiction of the subject matter is wholly void and may be attacked directly or collaterally at any time.[5]

Jurisdiction of the person may be conferred by consent and objections to such jurisdiction may be waived.[6] Any objection to jurisdiction

---

[3]Ibid.; Smith v. State, 228 Miss. 476, 87 So. (2d) 917, 58 A. L. R. (2d) 1052; People v. Cahan, 44 Cal. (2d) 434, 282 P. (2d) 905, 50 A. L. R. (2d) 513, and Annotation at 531.

[4]City of St. Paul v. Stovall, 225 Minn. 309, 30 N. W. (2d) 638; State v. Siporen, 215 Minn. 438, 10 N. W. (2d) 353; State v. Pluth, 157 Minn. 145, 195 N. W. 789.

[5]State ex rel. Hansen v. Rigg, 258 Minn. 388, 104 N. W. (2d) 553; State ex rel. McGilton v. Adams, 143 W. Va. 325, 102 S. E. (2d) 145, 70 A. L. R. (2d) 1425.

[6]State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898.

of the court over the person of a defendant before the court is waived if objection is not timely taken.[7]

Habeas corpus to test the validity of confinement of a person held under a criminal conviction and sentence is a collateral attack upon the judgment or sentence.[8] It does not, therefore, reach the legality of the proceedings prior to the initiation of the trial. It is well settled, both in this state and elsewhere, that where there has been an unlawful arrest the fact of such arrest will neither bar prosecution upon a complaint or indictment afterwards duly brought against the accused, nor vitiate subsequent proceedings leading to sentence.[9] Assuming petitioner's arrest to have been improper, this does not invalidate his subsequent indictment, trial, conviction, and sentence. Therefore, petitioner is not entitled to a writ of habeas corpus.

Affirmed.

KNUTSON, JUSTICE (concurring specially).

I concur in the result. I see no need of discussing the question of admissibility of evidence obtained as a result of an unlawful search. That question is not involved here. Furthermore, the so-called "modern cases" are directly contrary to the rule we follow in this state. The case of United States v. Coplon (2 Cir.) 185 F. (2d) 629, 28 A. L. R. (2d) 1041, certiorari denied, 342 U. S. 920, 72 S. Ct. 362, 96 L. ed. 688, was decided in 1950. Our case of City of St. Paul v. Stovall, 225 Minn. 309, 30 N. W. (2d) 638, was decided in 1948. One is about as modern as the other. Petitioner has not raised the question of admissibility of evidence, nor could it be raised in a proceeding for a writ of habeas corpus.

---

[7]State v. Abdu, 173 Minn. 95, 216 N. W. 540.

[8]State ex rel. Rajala v. Rigg, 257 Minn. 372, 101 N. W. (2d) 608.

[9]State ex rel. Brown v. Fitzgerald, 51 Minn. 534, 53 N. W. 799; State v. Abdu, 173 Minn. 95, 216 N. W. 540; State ex rel. Adams v. Rigg, 252 Minn. 283, 89 N. W. (2d) 898; State v. McClung, 104 W. Va. 330, 140 S. E. 55, 56 A. L. R. 257, and Annotation at 260; Commonwealth v. Gorman, 288 Mass. 294, 192 N. E. 618, 96 A. L. R. 977, and Annotation at 982.