Benjamin Gassman, J.
This defendant is charged with a violation of section 1192 of the Vehicle and Traffic Law, in that on November 10, 1963, he operated a motor vehicle while his ability to operate such motor vehicle was impaired by the consumption of alcohol. Under subdivision 1 of that section, such act constitutes a traffic infraction. He pleaded not guilty to that charge and thereafter, on January 15, 1964 appeared for trial before a Judge of this court. After the first witness, a police officer, was sworn, and gave his name, shield number and assignment, the Assistant District Attorney informed the court that he requested that defendant’s counsel stipulate “ to the contents of the I. D. T. U. test” and that defendant’s *838 counsel refused to so stipulate. A long colloquy then ensued between defendant’s counsel and the court, at the conclusion of which the court asked: ‘ ‘ Do you want to move for a mistrial and we’ll put it over.” Defendant’s counsel replied: “ Well then, Your Honor, all right, if you want, mistrial.” The court then stated: ‘1 Motion for mistrial is granted inasmuch as the witness was sworn, and the People are not prepared and can’t get together with the defendant’s counsel on the stipulation. The motion is by the defendant. Motion for mistrial by the defendant is granted. We ’ll set this down for another date. ’ ’ The case then appeared on my calendar on March 26, 1964, at which time counsel for the defendant moved to dismiss the charge on the ground of double jeopardy.
It is defendant’s contention that he neither moved for a mistrial nor consented to it, and that the statement of his counsel “ Well then, Your Honor, all right, if you want, mistrial ” did not bind the defendant and did not constitute a consent by the defendant to the declaration of a mistrial.
Section 6 of article I of the New York State Constitution provides that “No person shall be subject to be twice put in jeopardy for the same offense ”. The question thus presented here is whether the defendant has been twice put in jeopardy.
Section 428 of the Code of Criminal Procedure authorizes the declaration of a mistrial — after the trial has been commenced — ■“ When with the leave of the court, the public prosecutor and the counsel for the defendant consent” thereto. There is no requirement that such consent must be given by the defendant himself, when he is represented by counsel. The record discloses that, even if it be deemed that the mistrial was not declared on defendant’s motion, the defendant, through his counsel, consented to the action of the court. Neither the defendant nor his counsel took exception to the court’s statement that “ the motion [for a mistrial] is by the defendant.” The defendant, who was present in court, did not demur to the statement by his counsel: “Well then, Your Honor, all right * * * mistrial,” nor to the statement of the court that “ the motion is by the defendant. ’ ’ He cannot now be heard to claim that he did not consent to the mistrial. For that matter, under section 428, his consent was not required, the consent of his counsel being sufficient to satisfy the law.
In People v. Giovelli (20 Misc 2d 297) the defendant appealed from a conviction on a traffic violation by a plea of guilty, on the ground that he did not plead guilty personally, but that the guilty plea was interposed by his attorney. In affirming the conviction, the court said (p. 299): “ The record shows that *839 the defendant was present in court at Ms arraignment and stood by Ms attorney when the latter pleaded guilty for him. He did not protest nor did he demur when his attorney interposed the guilty plea. The acceptance of the defendant’s guilty plea through his counsel in open court under the circumstances here disclosed,‘ did not amount to such statutory noncompliance [with § 335] as to constitute grounds for reversal of the judgment of conviction had hereunder.’ ” (See, also, People v. Sadness, 300 N. Y. 69, 73; People v. Freccia, 284 App. Div. 1020.) And it should be noted that section 335 of the Code of Criminal Procedure provides that “ A plea of guilty can only be put in by the defendant himself in open court ” (emphasis supplied) whereas section 428 of the Code of Criminal Procedure requires only the consent of counsel for the defendant to a mistrial.
That the law does not require the defendant’s personal consent is further established by section 356 of the Code of Criminal Procedure, which states that in cases of misdemeanors, “ the trial may be had in the absence of the defendant, if he appear by counsel” thus indicating that a defendant in such case is bound by the actions and statements of his counsel. The same applies to a traffic infraction, which is below the grade of a misdemeanor. The motion to dismiss the complaint is accordingly denied.