# CHARLESTON.

## STATE v. PISHNER.

Submitted February 10, 1914.　Decided March 31, 1914.

1. ESCAPE—*What Constitutes.*
   A prisoner who escapes from jail by force and violence, pending the determination of a writ of error to a judgment of conviction for a felony resulting in a reversal thereof and a discharge of the prisoner, does not thereby violate Sec. 11, Ch. 147, serial section 5259, Code 1913. (p.745).

2. SAME—*"Conviction."*
   The term *conviction,* as used in that section, implies final judgment of court. (p. 745).

   (ROBINSON and LYNCH, JUDGES, dissenting.)

Error to Circuit Court, Tucker County.

Nick Pishner was convicted of an escape from jail and brings error.

*Reversed and Prisoner Discharged.*

*D. E. Cuppett, J. P. Scott* and *Chas. D. Smith,* for plaintiff in error.

*A. A. Lilly* Attorney General, *Frank Lively, John B. Morrison,* and *J. E. Brown,* Assistant Attorneys General, for the State.

WILLIAMS, JUDGE:

Nick Pisher was convicted upon an indictment charging him with feloniously escaping from jail, by force and violence, in violation of Sec. 11, Ch. 147, serial section 5259, Code 1913, and was sentenced to one year's confinement

in the penitentiary. This writ of error was awarded to the judgment. Previous to his escape he had been adjudged guilty of a felony and was confined in jail awaiting the decision of this court upon a writ of error to that judgment. On the 27th of February, 1913, pending his appeal, he broke jail and was recaptured the next day. On the 7th March, 1913, still pending his appeal, he was indicted for escaping from jail. On the 17th of June, 1913, this court reversed the judgment of the circuit court and discharged him, on the ground that there was no evidence to warrant his conviction. *State* v. *Pishner,* 72 W. Va. 613. 78 S. E. 752. He was, nevertheless, tried under the present indictment in September, 1913, found guilty and sentenced to confinement in the penitentiary for one year. On his trial he offered in evidence the mandate of this court discharging him from custody, and the trial court refused to admit it, evidently holding that the crime of jail-breaking for which he was indicted did not depend upon his guilt or innocence, and therefore was not affected by his final discharge. The correctness of that holding depends upon the meaning of the word *conviction* as used in the statute above referred to which reads as follows: ''A person confined in jail on conviction of a criminal offence, who escapes thence by force or violence, shall be confined in the penitentiary one year, if previously sentenced to confinement therein, or be confined in jail six months, if previously sentenced to confinement in jail; the term of confinement under this section to commence from the expiration of the former sentence.'' As generally understood the term *conviction* means simply the establishing of guilt, either by the verdict of a jury, or by plea of confession. The supreme court of Virginia, in *Blair* v. *Commonwealth,* 25 Grat. 850, gave the word that construction in that provision of the constitution which authorizes the governor ''to grant reprieves and pardons after conviction.'' It was held in that case that the governor had the power to pardon a person after a verdict of guilty and before judgment thereon by the court. See also, 1 Bishop's Criminal Law, Secs. 903 and 963, and 2 Words & Phrases 1585. Still it is often used in a broader sense and embraces a final judgment. The Legislature evidently intended it to have its wider meaning in the statute.

This construction is clearly borne out by other terms of the statute fixing the term of confinement to begin at ''the expiration of the former sentence.'' If there is no former sentence then there is no time fixed for the beginning of the term of sentence for jail-breaking. We can not conceive that the Legislature intended to make jail-breaking a felony, by one who was not actually guilty of a previous felony. If it intended to make escape from jail by violence and force a felony, regardless of the prisoner's guilt or innocence of the crime for which he was then in custody, there is no reason for making the escape in one instance a felony and in the other a misdemeanor. This construction of the statute is necessary to make it harmonize with the following section which makes it a misdemeanor for any person lawfully imprisoned in jail, ''and not sentenced on conviction of a criminal offence,'' to escape therefrom by force and violence. The term *sentence* means the final judgment or determination by ·the court in a criminal proceeding. 7 Words & Phrases 6411. This section, therefore, embraces persons who have been tried and found guilty by a jury, either of a misdemeanor or a felony, and on whom judgment of court has not been pronounced, which is the character of the case now before us. Our conclusion therefore is, that section 11, chapter 147, serial section 5259, applies only to such persons who have been convicted by final judgment of the court; and that section 12, serial section 5260, applies to all other persons, lawfully imprisoned in jail and escaping therefrom by force and violence.

Under a statute permitting the *conviction* of a  person for crime to be shown in order to affect his credibility as a witness, the supreme court of Massachusetts, in *Commonwealth* v. *Gorham,* 99 Mass. 420, held that *conviction* implied a judgment of the court. Likewise, under a statute making void the license of a person to sell intoxicating liquors who shall be convicted of violating the liquor laws, it was held that a final judgment of the court conclusively establishing guilt was essential. *Commonwealth* v. *Keiley,* 150 Mass. 325. Under an Illinois statute declaring persons convicted of any of the crimes, therein enumerated, to be deemed infamous and disqualifying them from holding any office of honor, trust or

profit, or voting at any election, or serving as jurors or giving testimony, it was held by the supreme court of that state, in *Faunce* v. *The People,* 51 Ill. 311, that a judgment of court was necessary to constitute a conviction. Under a statute of Rhode Island making a person convicted of larceny liable to the owner of the money or article taken for twice its value, unless it was restored, and for its value in case of restoration, the court of that state, in *Baker* v. *Almy,* 20 R. I. 367, held that conviction implied a judgment of the court.

The writ of error stayed the proceedings in the court below, and it was necessary to await determination of the appeal before it could be known whether defendant was finally adjudged to be guilty, which is the meaning of the term conviction in the statute above quoted.

To constitute escape from prison a crime, in any event, it is essential that the prisoner be lawfully in custody. 11 A. & E. E. L. (2nd ed.) 304; 16 Cyc. 540; 1 Russell on Crimes (7th Eng. ed.) 566. But, as the indictment was held to be good and the judgment not void, but only voidable, it can not be said that the prisoner's confinement in jail, awaiting the judgment of this court on writ of error, was unlawful.

The mandate of this court, reversing the judgment below and discharging the prisoner, was admissible to prove his innocence of the crime of which he had been adjudged guilty, and that he was not confined in jail under final judgment of conviction for a felony. The mandate was conclusive proof that he was not guilty, because it discharged him from the indictment. Not having been adjudged guilty in that case, he should have been discharged on the trial of this indictment. The record discloses that the prisoner can not lawfully be convicted of the crime for which he stands indicted, and we, therefore, reverse the judgment and discharge defendant from further prosecution under that indictment.

                    *Reversed and Prisoner Discharged.*

ROBINSON, JUDGE, *(dissenting):*

The statute certainly means what it says. It plainly says that "a person confined in a jail on conviction of a criminal offence, who escapes thence by force or violence, shall be confined in the penitentiary one year, if previously sentenced to

confinement therein.'' That the defendant was confined in
the Tucker County jail on conviction of a criminal offense,
that he escaped thence by force and violence, and that he
had previously been sentenced to confinement in the peniten-
tiary, are admitted in the case. Then, by the very terms of
the statute is he not one who has violated it and who must be
confined in the penitentiary one year for such violation?

There is nothing in the statute warranting the view that
the provision quoted above embraces only one whose convic-
tion shall not be reversed on appeal or otherwise set aside.
It designates no such person. It does, however, designate any
one who is in jail under conviction of a felony. And it for-
bids him to break jail while he has such status, on penalty of
one year in the penitentiary. Yet the majority say that if,
after he breaks jail, his status changes by a setting aside of
the conviction, he has committed no crime under this partic-
ular provision of the statute. That is indeed saying that
one erroneously convicted of a felony and sentenced therefor,
though lawfully imprisoned by the judgment of a court of
competent jurisdiction, may break jail without violating the
very provision that fits his case. Then certainly, one who
is advised that his conviction and sentence is erroneous and
must be reversed on appeal has strong encouragement to
ignore the law that in terms applies to him.

The statute as a whole, Code 1913, ch. 147, secs. 11 and 12,
was intended to protect our jails from force and violence, and
further to secure a holding of those convicted of crimes until
the day of their punishment. The particular provision
quoted above was intended to give significant notice to one
convicted of a felony and sentenced to the penitentiary there-
for that his very status of a sentenced convict put on him
heavier punishment for jail breaking than he otherwise would
have, so as the greater to restrain him in custody to respond
to such conviction and sentence. It was intended to leave to
one confined in jail under sentence to the penitentiary no
hope of escape by jail breaking while so confined, without
facing a punishment commensurate in degree to that for
which he was already sentenced. Thus it was intended indeed
to assist the jailor. But the majority opinion now tells one
convicted and sentenced for felony that he may be his own

judge of the soundness of his conviction and sentence and take chances on its being reversed as against the penitentiary penalty for jail breaking. So the security which the statute was intended to give is greatly weakened.

That the defendant was under conviction and sentence for a felony when by force and violence he broke jail can not be gainsaid. The pendency of his writ of error did not set aside the conviction and sentence. It only operated to stay the carrying out of the sentence. All pending the writ of error he was still one under conviction. "The writ of error does not in fact supersede the judgment of conviction in a felony case, but under our law only operates a stay of proceedings in the case, after a writ issues, until the decision of the Supreme Court of Appeals." *State* v. *Conners,* 20 W. Va. 10.

The majority opinion holds that a judgment of court is necessary to constitute a conviction. Grant that, the judgment of a court of competent jurisdiction had been passed on the defendant, prior to his prison breach, sentencing him for a felony and giving him the status of a person against whom the statute in question is directed. He was lawfully imprisoned under judgment of a court.

Resort is made to the last clause of the section, which says the term of confinement is to commence from the expiration of the former sentence. How does this clause change the description of the person against whom the statute is directed? It is no part of the language describing him. It is a mere direction as to the administering of the punishment in case the former sentence is to be served. It means no more than that the former sentence shall expire before the sentence for jail breaking begins. If, as in this case, the former sentence expires by a reversal and discharge before the fixing of the sentence for jail breaking, the latter sentence necessarily begins thereafter. The clause can not in reason be held to mean that there must be a serving of the former sentence to justify a sentence for jail breaking. Suppose this court had affirmed the former sentence and the Governor had immediately pardoned the defendant, would sentence for the jail breaking fail simply because it could not begin immediately on the expiration of a former sentence? The position is

wholly untenable. The direction as to the punishment is not part of the description of the offense.

It has invariably been considered heretofore that if one was lawfully imprisoned, though he was afterwards acquitted or discharged as groundlessly held, he was, pending the proceedings against him, subject to the law against prison breach. True, it was anciently held that one unlawfully confined—one held without any legal warrant—was not so subject. But we have no such case. Here the imprisonment from which the defendant broke away was legal. All must admit that. It was not false imprisonment. He was lawfully charged and held until the appellate court declared his conviction and sentence to be erroneous and discharged him therefrom. He was under conviction and sentence for a felony until that time. Though error was committed on his trial, still he was legally held under conviction and sentence for a felony at the time he broke jail, pending the final determination of the case against him on appeal. The change of the defendant's status by the decision on appeal no more relieved him from indictment under the particular provision of the statute applying to him theretofore, than a change of status by a finding of innocence would relieve from the common law of prison breach.

Now, what are the authorities? We shall refer to a few of them. While the subject with us is controlled by our statutory provisions, Code 1913, ch. 147, secs. 11 and 12, still their spirit and purpose is not different from that of the common law, nor from that of the statutes of other states. By the common law, as modified by 1 Edward 2, *de frangentibus. prisonam,* and by the adjudication of other states, it has not been considered, as the majority of this court now in fact consider it, that simply because the charge on which one was imprisoned proved groundless in the end, he was therefore acquit of a breach of the imprisonment. Thus in principle it has not been considered that simply because a conviction and sentence for a felony under which one was lawfully held in jail proved erroneous and unwarranted on appeal, he was thereby acquit of indictment under the provision of a statute making him guilty of felony for breaking jail while so held therein. It was laid down unreservedly by Lord Coke,

that where a party is taken upon a capias, upon an indict-ment or appeal, the warrant is lawful, and if he break prison, it is felony, though no felony were originally committed. 2 Inst. 590. Hawkins says: "It is clear, that if a person be taken upon a *capias* awarded on an indictment or appeal against him, for a supposed treason or felony, he is within the statute if he break the prison, whether any such crime were in truth committed by him, or by any other person or not; for that there is an accusation against him on record, which makes his commitment lawful, be he never so innocent, and the prosecution never so groundless." 2 Pleas of the Crown, bk. 2, ch. 18. In a most learned discussion of the same subject it is said: "And so all the books say that a· party may be arraigned, tried, convicted, and have judgment for prison breaking, before he is convicted of the original fel-ony, for, that it is immaterial whether he be guilty of such crime or not; that he is punishable as principal offender, in respect of the breach of prison itself; and if his imprison-ment were 'well grounded', in the language of Hawkins, he ought to have submitted himself." *Commonwealth* v. *Miller,* 2 Ashm. (Penn. Reports) 61. Yet the majority opinion brings about a conclusion just the opposite of these authorities —a conclusion that one can not be safely arraigned, tried, con-victed, and have judgment for prison breaking before he is convicted of the original offense.

Says Mr. Bishop: "If the imprisonment is lawful, though in fact the prisoner is innocent, he commits this offense when he breaks the prison and escapes." 2 Criminal Law (New), sec. 1074. And again: "If, the law's process being on a man, he is duly imprisoned, the crime of prison-breach is com-mitted when he breaks away, being innocent, the same as though he were guilty." 1 Criminal Procedure (New), sec. 91. Another great writer on criminal law says: "It is enough to sustain the prosecution if the process were regular, and the imprisonment prima facie authoritative, though mere technical informalities in the process will be no defense. The question of the defendant's guilt or innocence is not rel-.evant to the issue." 3 Wharton's Criminal Law (11th ed.), sec. 2005. Can anyone say that the law's process was not on the defendant by his conviction and sentence at the time

he broke jail? The majority do not even assert that. They expressly concede that he was lawfully held, but they hold that the declaration of his innocence on appeal in some way alleviated his offense of jail breaking—made him answerable only for a lighter penalty under another provision of the statute. Yet it is readily observable that such a holding is directly at variance with the principle running through the authorities, all of which say that the question of guilt or innocence of the former charge is not relevant to the issue as to the charge of jail breaking. On like principle the question of the final validity of the conviction and sentence involved in the statutory charge of jail breaking is not relevant on the trial of that charge.

In discussing statutes similar to ours, the supreme court of Kansas said that which is pertinent and applicable here: "If said section 183 is to be construed as the defendant claims that it should be construed, then it would be improper in any case to try a defendant for an escape until after a trial and conviction upon the original charge; for if he should *by any means* procure an acquittal upon the original charge, or a dismissal of the case, or a *nolle pros.* to be entered therein, then he would not have been guilty of committing any offense by making such escape. When a party is in legal custody, and commits an escape, we do not think that it depends upon some future contingency as to whether such escape is an offense or not." *The State* v. *Lewis,* 19 Kans. 260.

While the majority do say that the defendant is not altogether acquit of the prison breach because his conviction is reversed, yet their decision virtually acquits him. They say he may be indicted under section 12. But how can he be indicted under that section? It expressly applies to none other than one *not sentenced* at the time of the jail breaking. That section can never be made to fit the defendant's case, since at the time he broke jail he was by the record under sentence. He could not be indicted under it either before or after the reversal. For, a grand jury at no time could describe his status at the time of the jail breaking other than as one under sentence. Section 12 applies only to one not under sentence. Moreover, if section 12 could be invoked, it could not be until after determination on appeal that prosecution

under section 11 is abortive. It takes until that time to wipe out the sentence. As long as the sentence. stands section 12, applying only to one not sentenced, cannot apply because the sentence stands. And, as illustrated by the result in this very case, by the time it is determined on appeal that section 11 does not apply, the misdemeanor offense under section 12 will be barred. So in any event the theory of the majority will work an acquittal.

The defendant was indicted and convicted for jail breaking under the particular provision of the statute fitting his description at the time he broke jail. Plainly the judgment should be affirmed.