STATE *ex. rel.* ROBERT McGILTON

*v.*

DONIVON E. ADAMS, Warden, etc.

(No. 10960)

Submitted February 18, 1958. Decided February 18, 1958.

*Robert E. Magnuson*, for relator.

*W. W. Barron*, Attorney General, for respondent.

BROWNING, JUDGE:

Relator, Robert McGilton, invoked the original jurisdiction of this Court by filing herein his petition for a writ of *habeas corpus ad subjiciendum*. The petition alleges that: On December 17, 1955, upon the testimony of the arresting officer and relator's plea of guilty to stealing an automobile and driving the same without an operator's license, relator, 16 years of age, was adjudged a delinquent by the Juvenile Court of Ohio County and remanded to the custody of the Sheriff of Ohio County for the purpose of physical and mental examinations; on December 30, 1955, relator was again brought before the Juvenile Court of Ohio County and sentenced to the West Virginia Industrial School for Boys for a period of two years; in August, 1956, relator was certified as incorrigible by the West Virginia Board of Control and returned to the Juvenile Court of Ohio County where, on August 24, 1956, he was sentenced to the West Virginia Penitentiary for a period of one (1) to five (5) years; a commitment was then issued by the Intermediate Court of Ohio County; while serving this sentence, relator escaped; and, upon indictment and plea of guilty, was sentenced to an additional fifteen (15) months by the Circuit Court of Randolph County.

It is conceded that no indictment was ever returned by a grand jury at any time for the alleged automobile theft.

Relator relies primarily upon the absence of any presentment or indictment to sustain his contention that the original sentence was void, and, consequently, the subse-

quent sentence for an escape, though upon his plea of guilty to a valid indictment therefor, is also void.

The pertinent statutory provisions are:

Code, 62-2-1: "Prosecutions for offenses against the State, unless otherwise provided, shall be by presentment or indictment. The trial of a person on a charge of felony shall always be by indictment, * * *."

Acts of the Legislature, 1st Extraordinary Session, 1936, as amended. (Michie's 1955 Code, §§ 4904 (50): "Except as to a violation of law which if committed by an adult would be a capital offense, the juvenile court shall have exclusive jurisdiction to hear and determine criminal charges * * * against a person who is under eighteen years of age at the time of the alleged offense."

Acts of the Legislature, 1st Extraordinary Session, 1936, as amended. (Michie's 1955 Code, §§ 4904 (54): (Proceedings to be by petition.)

Acts of the Legislature, 1st Extraordinary Session, 1936, as amended. (Michie's 1955 Code, §§ 4904 (61): "With a view to the welfare and interest of the child and of the state, the court or judge may * * * make any of the following dispositions:

"* * *.

"(2) Order the child placed under the supervision of a probation officer;

"(3) If the child be over sixteen years of age * * * if the case originated on petition in the juvenile court, the court may enter an order showing its refusal to take jurisdiction and permit the child to be proceeded against in accordance with the laws of the State governing the commission of crimes * * *.

"(4) Commit the child to an industrial home or correctional institution for minors; * * *."

Acts of the Legislature, 1st Extraordinary Session, 1936, as amended. (Michie's 1955 Code, §§ 4904 (83): "Any evidence given in any cause or proceeding under this chapter * * * shall not in any

civil, criminal or other cause or proceeding whatever \* \* \* be lawful or proper evidence against such child for any purpose whatsoever \* \* \* nor shall such adjudication be deemed a conviction. \* \* \*"

Code, 28-1-2, as amended: "Any white male youth between the ages of ten and eighteen years may be committed to the West Virginia industrial school for boys:

"(a) By any juvenile or domestic relations court of competent jurisdiction \* \* \* in the manner prescribed in article two, chapter forty-nine of the Code \* \* \*.

"(b) By any court of record of competent jurisdiction \* \* \* in the manner prescribed in the next succeeding section of this article \* \* \*."

Code, 28-1-3: "Whenever any white male youth under the age of eighteen years shall have been convicted in any court of record of this State of a felony, or of a misdemeanor punishable by imprisonment, the judge of such court, in his discretion, instead of sentencing such youth to be confined in the penitentiary or the county jail, may order him to be removed to and confined in the West Virginia industrial school for boys \* \* \*."

Code, 28-1-7: "In any case where a youth is committed to the industrial school for an offense punishable by confinement in the penitentiary, and it is found by the state board of control that \* \* \* his presence is a detriment \* \* \* to the general good of the school, he may be returned to the court by which he was committed to the school, and such court shall thereupon pass such sentence upon him as to confinement in the penitentiary as may be proper in the premises, or as it might have passed had it not committed him to the industrial school. \* \* \*."

The provisions in Code, 62-2-1, that: "\* \* \* The trial of a person on a charge of felony shall always be by indictment; \* \* \*." is only declaratory of the organic law. Section 4, Article III of the Constitution of this State provides in part that: "\* \* \* No person shall be held to answer for treason, felony or other crime, not cognizable

by a justice, unless on presentment or indictment of a grand jury. * * *'' This Court has held that the clear and unambiguous language of this Section requires a valid presentment or indictment of a grand jury as a condition precedent to a conviction for a felony. *Scott* v. *Harshbarger*, 116 W. Va. 300, 180 S. E. 187; *State* v. *McGraw*, 140 W. Va. 547, 85 S. E. 2d. 849.

Inasmuch as it is apparent that the officials charged with the administration of the West Virginia Industrial School For Boys, as well as the Judge of the Juvenile Court of Ohio County, misconstrued the provisions of Code, 28-1-7, we have quoted at some length from the Acts of the Legislature pertaining to the incarceration of juveniles. It is obvious from an examination of these statutes that no juvenile court has the authority to sentence any person to the penitentiary of this State. The record before us in this proceeding shows that relator was purportedly sentenced to the penitentiary by the Judge of the Juvenile Court of Ohio County, although the commitment under which he was committed to that institution was signed by the Judge and the Clerk of the Intermediate Court of that county. It is of no significance that the same person may be the Judge of both the Juvenile and Intermediate Courts of Ohio County. A "Male youth under the age of 18 years" who has been ordered to confinement in the Industrial School For Boys cannot for the same offense be sentenced to the penitentiary of this State under the provisions of Code, 28-1-7, unless such youth was committed to the industrial school upon conviction under a valid indictment or presentment of a grand jury for a felony. Even then such sentence may be imposed only by a court having criminal jurisdiction under the Constitution of this State or an Act of the Legislature. This relator was committed to the penitentiary without ever having been indicted by a grand jury, and by the sentence of a court which did not have jurisdiction of the case, even if there had been a valid indictment. Therefore, the confinement of the relator in the penitentiary for the offense for which he was apparently validly confined in

the West Virginia Industrial School For Boys was without due process of law and illegal.

While confined in the penitentiary under the void sentence for the original dereliction, the relator escaped and pleaded guilty in the Circuit Court of Randolph County to a valid indictment charging him with that offense, for which he received an additional sentence of fifteen months in the penitentiary. The record is not clear as to whether that fifteen months had been served prior to the filing in this Court of the petition for the writ of habeas corpus. We have concluded that such information is not important.

The 1st Syllabus point in *State* v. *Pishner*, 73 W. Va. 744, 18 S. E. 1046, reads: "A prisoner who escapes from jail by force and violence, pending the determination of a writ of error to a judgment of conviction for a felony resulting in a reversal thereof and a discharge of the prisoner, does not thereby violate Sec. 11, Ch. 147, serial section 5259, Code 1913." The statutory reference is to the crime of escaping from prison by force and violence. The defendant had been convicted of a felony, and, while his case was pending on writ of error in this Court, escaped from jail. He was recaptured and indicted for that offense. This Court reversed the judgment of the trial court and ordered the prisoner discharged on the ground that there was no evidence to warrant his conviction. *State* v. *Pishner*, 72 W. Va. 613, 78 S. E. 752. Subsequent to the latter decision, petitioner was brought to trial under the indictment for escape, convicted and sentenced to confinement in the penitentiary for a period of one year. Thereafter, in the second *Pishner* decision of this Court, the judgment of the trial court, convicting the defendant of escape, was reversed and the prisoner was discharged. In the opinion, in referring to the decision of this Court in the first *Pishner* case, this statement is made: "* * * The mandate was conclusive proof that he was not guilty, because it discharged him from the indictment. Not having been adjudged guilty in that case, he should have been discharged on the trial of this indictment. The record discloses that the

prisoner can not lawfully be convicted of the crime for which he stands indicted, and we, therefore, reverse the judgment and discharge defendant from further prosecution under that indictment.". This was a three to two decision with Judges Robinson and Lynch joining in a strong dissent. This Court, as presently constituted, does not find it necessary to approve or disapprove the decision of *State* v. *Pishner,* 73 W. Va. 744, 18 S. E. 1046, to adjudicate the issue presented in this proceeding in habeas corpus. It is sufficient to say that there is a vast difference between a void sentence, which may be reached by habeas corpus, and a sentence under a valid indictment, improper because of reversible error committed by the trial court, which is cognizable in this Court only upon writ of error. *State* v. *Pishner,* 73 W. Va. 744, 18 S. E. 1046, is cited in the footnotes of both 19 Am. Jur., Escape, Prison Breaking and Rescue, §10, and 30 C.J.S., Escape, §5, as apparently representing the minority view on this question. This Court holds in this proceeding that, since the relator was incarcerated in the penitentiary of this State at the time of his escape under a judgment and sentence that was absolutely void from the beginning, and not merely voidable, his escape from custody did not constitute a crime, and his conviction therefor was likewise void.

For the reasons herein stated, an order was entered by this Court on the 18th day of February, 1958, ordering the respondent, the Warden of the West Virginia State Penitentiary, to immediately release the relator upon the writ of *habeas corpus ad subjiciendum* theretofore awarded.

*Prisoner discharged.*