STATE of Iowa, Plaintiff–Appellee,

v.

Wendy Jane JORDISON, Defendant–Appellant.

No. 04–1273.

Court of Appeals of Iowa.

May 25, 2005.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Timothy N. Schott, County Attorney, and Sarah J. Livingston, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and ZIMMER and HECHT, JJ.

SACKETT, C.J.

Defendant-appellant, Wendy Jane Jordison, was convicted of the crime of escape in violation of Iowa Code section 719.4(1) (2003)[1] after she walked away from the Community and Family Resources Center in Fort Dodge, Iowa where she was being held. She contends the conviction should be reversed because she was not lawfully held at the time of her escape; consequently, there was not a factual basis to prove the necessary elements for the crime of escape. We affirm.

On March 16, 1998 defendant was convicted in Webster County, Iowa of the felony of possession of a controlled substance with intent to deliver and other offenses. An indeterminate penitentiary sentence was imposed and suspended. Defendant was placed on probation until March 15, 2001. On March 16, 2001 the State moved to revoke defendant's probation, and the district court ordered that it be extended until March 16, 2006, some eight years after the sentencing date. It is conceded that the extension of defendant's probation for more than five years from the time of sentencing is not authorized by statute[2] and the latest date to which probation could have been extended was March 16, 2003.

On February 24, 2004 the State filed a second motion asking for revocation of defendant's probation. The defendant was arrested and placed in the custody of the Webster County Sheriff. Just over a month later the defendant admitted she violated probation. The district court set a hearing on the disposition of the admitted violation and ordered defendant to remain in the custody of the sheriff but be

---

1. Iowa Code section 719.4(1) provides:
   A person convicted of a felony, or charged with or arrested for the commission of a felony who intentionally escapes, or attempts to escape, from a detention facility, community-based correction facility, or institution to which the person has been committed by reason of the conviction, charge, or arrest, or from the custody of any public officer, public employee, or any other person to whom the person has been entrusted, commits a class "D" felony.

2. Iowa Code section 907.7 provides in applicable part, "The length of probation shall be for a term as the court shall fix *but not to exceed five years if the offense is a felony.*" (Emphasis supplied).

placed in the Community and Family Resources Center for in-patient treatment of substance abuse. The order further provided defendant would be subject to prosecution for escape for unauthorized absences from the facility.

On March 18, 2004, defendant left the facility without permission. On April 19, 2004, the State filed an oral motion to dismiss the motion for revocation of defendant's probation and the motion was sustained. The cursory order does not reference the date of the probation revocation motion the State moved to dismiss, yet the only conclusion one can draw from the record is that it was the February 24, 2004 motion that resulted in defendant being taken into custody.

While according to statute defendant's probation should have terminated on March 16, 2003, defendant did not challenge the illegal extension in 2003 when it was ordered. She initially admitted she was in violation of that order rather than challenging it when she initially was taken into custody.

On June 24, 2004, after the State had dismissed the motion for revocation of her probation, the defendant entered a plea of guilty to the escape charge. While pleading guilty she called to the court's attention that the probation revocation motion resulting in her placement at the drug treatment center had been dismissed.

She subsequently filed a motion in arrest of judgment contending (1) she was arrested for violating a probation that had expired, (2) her detention was unlawful, and (3) there was no factual basis for her plea. The district court denied the motion and sentenced the defendant to a term of no more than five years.

Defendant contends on appeal the district court erred in accepting her guilty plea where no factual basis existed to prove the necessary elements for the crime of escape because she was illegally confined on a probation violation and in refusing to grant her motion in arrest of judgment.

This is a challenge to the lack of a factual basis for the offense to which the defendant pled guilty; consequently, we review for errors at law. *See State v. Keene*, 630 N.W.2d 579, 581 (Iowa 2001). A plea that is not supported by the record violates the letter and spirit of Iowa Rule of Criminal Procedure 2.8(2)(*b* ), requiring reversal of the conviction and remand for further proceedings. *State v. Hack*, 545 N.W.2d 262, 262 (Iowa 1996). The issue was preserved for review by the timely filing of a motion in arrest of judgment. Iowa R.Crim. P. 2.24(3)(*a* ).

■ A conviction under Iowa Code section 719.4(1) requires proof that (1) the defendant had been convicted of, charged with, or arrested for a felony; and (2) she "intentionally escape[d]" from an "institution to which the person has been committed" or "from the custody of any public officer, public employee, or any other person to whom the person has been entrusted." Iowa Code § 719.4(1); *State v. Smith*, 690 N.W.2d 75, 77 (Iowa 2004). Because this is a penal statute it must be strictly construed. *State v. Burtlow*, 299 N.W.2d 665, 669 (Iowa 1980); *State v. Davis*, 271 N.W.2d 693, 695 (Iowa 1978). Doubts are resolved in favor of the accused. *Id.*

■ There does not appear to be any authority directly on point from an Iowa court. In *State ex rel. Robison v. Boles*, 149 W.Va. 516, 142 S.E.2d 55, 57 (1965), the West Virginia Supreme Court of Appeals determined, "an escape from imprisonment under a void judgment ... did not constitute an offense."

In *State ex rel. McGilton v. Adams*, 143 W.Va. 325, 102 S.E.2d 145, 148–49 (1958)

the same court opined, "there is a vast difference between a void sentence, ... and a sentence ... improper because of reversible error committed by the trial court." *Id.* The court found, because the defendant was incarcerated at the time of his escape under a judgment and sentence that was absolutely void from the beginning, and not merely voidable, his escape from custody did not constitute a crime. *Id.*

Other courts have rejected West Virginia's minority position, holding

> that where the imprisonment is under color of law, the prisoner is not entitled to resort to self-help but must apply for his release through regular legal channels, even though he might be able to show such defects in the procedure by which he or she was arrested, tried, sentenced, committed, or imprisoned as to justify or require his release on appeal or habeas corpus.

27A Am.Jur.2d *Escape* 11, at 758 (1996).

In *United States v. Smith*, 534 F.2d 74, 75 (5th Cir.1976) *cert. denied*, 429 U.S. 1100, 97 S.Ct. 1122, 51 L.Ed.2d 549 (1977), the federal court determined the validity of the conviction under which an escapee was confined was not an element of the offense of unlawfully escaping from confinement in a federal institution. In *Mullican v. United States*, 252 F.2d 398, 403, (5th Cir.1958), the court said the validity of a conviction under which an escapee is confined is not an essential element of unlawfully escaping from confinement under federal law but there must be proof of confinement pursuant to conviction. The court also noted, "The doctrine of self help is not available to a prisoner in a penal or correctional institution. Remedies are available for procuring, through legal process, the release of those who are unlawfully held in custody." *Id.* Even innocence of the offense, dismissal of the charge, or reversal of the conviction do not justify escape. 27A Am.Jur.2d *Escape* § 16, at 760.

The State argues a factual basis existed to support defendant's conviction of escape. The State advances that defendant was not illegally confined. It argues that even if she were illegally confined, she must pursue a legitimate legal means of release from custody or her absence from the facility is an escape. The State also argues that, while generally a court lacks authority to extend probation beyond the statutory maximum, a defendant's inaction can result in an extension of probation. In support of this argument the State points to *State v. Iowa Dist. Ct.*, 581 N.W.2d 640, 643 (Iowa 1998), where the court reversed a district court judge's ruling which found a due process violation in another district court judge's ruling extending probation within the statutory allotted time. The supreme court held:

> any impediment to the court's authority to impose this additional condition, whether for alleged lack of due process or other legal error, was obviated by [the person on probation's] failure to challenge it by certiorari or postconviction petition.

*Id.*

This case supports the State's position that, where as here there is proof of confinement pursuant to a conviction, the doctrine of self-help is not available to a prisoner; rather, he or she must use the remedies available through legal process to obtain relief, which is the position of the majority of the states. *Id.; see Mullican*, 252 F.2d at 403. Defendant was not free to walk away from the treatment center without being subject to a charge of escape. We affirm the district court.

**AFFIRMED.**