IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2018 Term

No. 16-1128

**FILED**

**April 5, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent,

v.

MICHAEL KEITH ALLMAN,
Defendant Below, Petitioner.

Appeal from the Circuit Court of Wood County
The Honorable Jeffrey B. Reed
Case No. 15-F-179

AFFIRMED

Submitted:  March 13, 2018
Filed:  April 5, 2018

Richard D. Smith, Jr., Esq.
Parkersburg, West Virginia
Attorney for Petitioner

Patrick Morrisey, Esq.
Attorney General
Robert Hogan, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Respondent

CHIEF JUSTICE WORKMAN delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "In reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review."  Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000).

2.      "'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)."  Syl. Pt. 1*, State v. Paynter*, 206 W. Va. 521, 526 S.E.2d 43 (1999).

3.      "The Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands."   Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997).

4.      "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review."  Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

i

5.      An individual charged with a felony who escapes from lawful custody or confinement as prescribed in West Virginia Code § 61-5-10 (2000) (Repl. Vol. 2014) may be convicted of the offense of felony escape irrespective of the ultimate outcome of the charge for which he or she was in lawful custody or confinement.

6.      "'A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side.' Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894)." Syl., *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979).

7.      "A litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl.

ii

Pt. 1, *Maples v. W. Virginia Dep't of Commerce, Div. of Parks & Recreation*, 197 W. Va. 318, 475 S.E.2d 410 (1996).

Workman, C. J.:

This is an appeal from the November 7, 2016, order denying Michael Keith Allman's (hereinafter "petitioner") motion for a new trial on his convictions of felony escape, destruction of property, and petit larceny and resultant November 9, 2016, sentencing order. Petitioner argues that his sentence on the felony escape conviction is "disproportionate" to the offense because he was ultimately found guilty only of a misdemeanor, rather than a felony, on the underlying charge from which he escaped. Petitioner further argues as to both the felony escape and related destruction of property convictions that the circuit court erred in failing to grant a new trial on the basis of newly-discovered, exculpatory evidence. Finally, as to the underlying petit larceny conviction, petitioner asserts that the circuit court erred in permitting the State to elect to prosecute the felony escape and destruction of property charges prior to the underlying grand larceny charge.

Upon careful review of the briefs, the appendix record, the arguments of the parties, and the applicable legal authority, we find that the circuit court committed no reversible error and therefore affirm petitioner's conviction and the circuit court's denial of a new trial.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner was charged with grand larceny after he was discovered on surveillance video removing a purse from a vehicle in the parking lot of a laundromat. The

1

purse allegedly contained $225 in cash, a ring valued at $1,992, two additional rings, a checkbook, and other miscellaneous items. Petitioner was placed on home confinement as a condition of his bond; he was ordered while on home confinement to remain at his residence, not consume or have in his presence any illegal substance or alcohol, and to wear a GPS monitoring bracelet.

While he was on home confinement, the Wood County Sheriff's Office received an electronic alert that petitioner had cut his monitoring bracelet strap. Upon investigation, petitioner was discovered several blocks from his residence and his cut bracelet was found on the mantle at his home. Upon being apprehended and transported to the Wood County Holding Center, petitioner stated that he had "taken some nerve pills and heroin earlier." He was taken to Camden-Clark Medical Center for medical clearance where he again indicated that he had "done heroin before he went to bed last night and taken some klonopin that was not prescribed to him."

Thereafter, petitioner was indicted in Wood County on one count of grand larceny arising out of the laundromat theft, one count of destruction of property as a result of destroying his monitoring bracelet, and felony escape. In advance of trial, petitioner moved to sever the grand larceny charge from the escape and destruction of property charges. In his motion, petitioner asked the circuit court to "sever the charges as requested in this motion and require the State of West Virginia to elect which particular count[s] that the State wishes to try in the first trial." The circuit court granted the motion and the State

2

elected to try the escape and destruction of property charges first.  Petitioner was thereafter convicted of escape and destruction of property.

Subsequent to the first trial, petitioner moved for a new trial on the basis that new evidence had been discovered.  Specifically, petitioner argued that his counsel obtained his medical records from Camden-Clark Medical Center demonstrating that he was intoxicated on the day of the escape and destruction of property.  Petitioner argued this would tend to negate specific intent and therefore required a new trial.  The circuit court denied the motion, finding that the evidence was not new and was well-known to petitioner and his counsel at the time of trial.  The circuit court further found that escape and destruction of property are general intent crimes, neither of which is susceptible to an intoxication defense.

Petitioner was then tried on the grand larceny charge.  However, the jury returned a verdict of guilty as to petit larceny, a lesser-included charge and misdemeanor.  Petitioner was then sentenced to one year on the petit larceny, three years for escape, and six months for destruction of property.  The misdemeanor petit larceny and destruction of property sentences were ordered to be served concurrently, with the escape sentence to be served consecutively thereto.  This appeal followed.

## II. STANDARD OF REVIEW

Generally,

> [i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000). More specifically, "'[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State v. Paynter*, 206 W. Va. 521, 526 S.E.2d 43 (1999). Finally, "[t]he Supreme Court of Appeals reviews sentencing orders, including orders of restitution made in connection with a defendant's sentencing, under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). With these standards in mind, we proceed to petitioner's assignments of error.

## III. DISCUSSION

Petitioner asserts three assignments of error. First, petitioner makes a constitutional challenge to his felony escape sentence contending that it was "disproportionate" inasmuch as he was ultimately only convicted of a misdemeanor on the

4

underlying charge from which he escaped. Secondly, as to the escape and destruction of property charges, petitioner asserts that he is entitled to a new trial on the basis of newly discovered evidence, *i.e.* medical records demonstrating his intoxication at the time of the escape. Finally, petitioner asserts that the circuit court erred in permitting the State to elect to try the escape and destruction of property charges first, rather than the underlying grand larceny offense.

*A.*     *FELONY ESCAPE UPON MISDEMEANOR CONVICTION ON UNDERLYING OFFENSE*

We begin with petitioner's most substantive assignment of error, which presents an issue of first impression: whether an individual can be convicted of felony escape when he or she is ultimately convicted only of a misdemeanor on the charge from which he or she was "escaping."

We note first that although petitioner frames this challenge as one of constitutionality, *i.e.* a disproportionate sentence in violation of Article III, Section 5 of the West Virginia Constitution, it is plain that petitioner is attacking the conviction on its merits. Petitioner alleges nothing substantively "disproportionate" about the sentence he received under the statute. The statute provides for one to five years in the penitentiary and petitioner received a sentence of three years on this charge. "Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). Clearly, petitioner's sentence was within statutory limits and petitioner

5

identifies no "impermissible factor" utilized by the circuit court. Despite the absence of

constitutional magnitude as framed by petitioner, however, it is clear that he has raised an

issue of statutory construction requiring this Court's *de novo* review.

Accordingly, we begin with an analysis of our escape statute. West Virginia

Code § 61-5-10 (2000) provides:

> Whoever escapes or attempts to escape by any means from the custody of a county sheriff, the director of the regional jail authority, an authorized representative of said persons, a law-enforcement officer, probation officer, employee of the division of corrections, court bailiff, or from any institution, facility, or any alternative sentence confinement, by which he or she is lawfully confined*, if the custody or confinement is by virtue of a charge or conviction for a felony, is guilty of a felony* and, upon conviction thereof, shall be confined in a correctional facility for not more than five years; and if the custody or confinement is by virtue of a charge or conviction for a misdemeanor, is guilty of a misdemeanor and, upon conviction thereof, he or she shall be confined in a county or regional jail for not more than one year.

(emphasis added).[1] Petitioner argues that because he was ultimately convicted only of a

misdemeanor, he cannot be guilty of having escaped from custody or confinement arising

out of a felony. Respondent counters that the plain language of the statute provides that

one can be guilty of felony escape if he or she escapes from custody or confinement arising

from a "*charge or* conviction for a felony[.]"  *Id.* (emphasis added). Indisputably,

petitioner was on home confinement as the result of a felony *charge*. Respondent urges

---

[1] The federal escape statute is worded similarly, providing for a felony charge of escape "if the *custody or confinement* is by virtue of an arrest on a charge of felony, or conviction of any offense . . . ."  18 U.S.C.A. § 751 (1994) (emphasis added).

6

that it is of no moment, therefore, that he was not ultimately convicted of a felony under the wording of the statute. Respondent further notes that other courts have likewise held that where a statute provides for escape charges based upon pre-conviction detention, courts must look to the nature of the charges at the time of the escape.

In support of his position, petitioner cites to two purportedly analogous cases in which this Court held that if a conviction underlying an escape charge is ultimately found to be void or voidable on appeal, a conviction of escape will not lie. In Syllabus Point 1 of *State v. Pishner*, 73 W. Va. 744, 81 S.E. 1046 (1914), the Court held:

> A prisoner who escapes from jail by force and violence, pending the determination of a writ of error to a judgment of conviction for a felony resulting in a reversal thereof and a discharge of the prisoner, does not thereby violate Sec. 11, Ch. 147, serial section 5239, Code 1913.

Over fifty years later, this Court reiterated this holding in *State ex rel. Robison v. Boles*, 149 W. Va. 516, 142 S.E.2d 55 (1965) finding that "'[t]he escape from custody, of a person confined in the penitentiary under a void judgment and sentence, does not constitute a crime and a conviction therefore is likewise void.'" (quoting Syl. Pt. 3, *State ex rel. McGilton v. Adams*, 143 W. Va. 325, 102 S.E.2d 145 (1958)).[2] Petitioner argues that he

---

[2] We observe that *Pishner* was a 3-2 decision subject to a strong dissent astutely noting that this holding effectively stood for the proposition that "one erroneously convicted of a felony and sentenced therefor, though lawfully imprisoned by the judgment of a court of competent jurisdiction, may break jail without violating the [law]." *Id*. at 748, 81 S.E. at 1048 (Robinson, J., dissenting). As such, the opinion "tells one convicted and sentenced for felony that he may be his own judge of the soundness of his conviction and sentence and take chances on its being reversed as against the penitentiary penalty for jail

7

merely violated a condition of his pre-trial bond by removing his electronic bracelet and leaving his home and that he was never found guilty of a felony arising from his custody or confinement.

However, petitioner fails to recognize a critical difference in the wording of the statute at the time these cases were decided and the one under which he stands convicted. The escape statutes in effect at the time the Court decided *Pishner* and *Robison* provided that "'[a] person confined in jail *on conviction* of a criminal offence, who escapes thence by force or violence, shall be confined in the penitentiary one year . . . .'" *Pishner*, 73 W. Va. at 745, 81 S.E. at 1047 (emphasis added). A "conviction," therefore was a necessary element of the crime. The statutes at that time did not make provision for escape while confined on an as-yet unprosecuted criminal *charge*.

The unambiguous language of the current statute unequivocally forecasts the resolution of this issue. "[I]f the legislative intent is clearly expressed in the statute, this Court is not at liberty to construe the statutory provision, but is obligated to apply its plain language." *Dan's Carworld, LLC v. Serian*, 223 W. Va. 478, 484, 677 S.E.2d 914, 920 (2009). *See also* Syl. Pt. 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970) ("Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation."); Syl. Pt. 5, *State v. General Daniel Morgan*

---

breaking." *Id*. at 748-749, 81 S.E. at 1048. *See also McGilton*, 143 W. Va. at 331, 102 S.E.2d at 148 (noting *Pishner* as "apparently representing the minority view on this question").

8

*Post No. 548, V.F.W.*, 144 W. Va. 137, 107 S.E.2d 353 (1959) ("When a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute."). West Virginia Code § 61-5-10 clearly provides that one who escapes from lawful confinement is guilty of the felony offense of escape, if the custody or confinement from which he or she escapes "is by virtue of a *charge* or conviction for a felony[.]" Accordingly, when being prosecuted for felony escape "by virtue of a charge . . . for a felony," the focus is on the nature of the charges from which the individual escaped lawful custody. It is therefore irrelevant whether he or she is ultimately convicted only of a misdemeanor offense stemming from the underlying charge.

The Legislature's wisdom in this regard is apparent. The offense of escape is clearly designed to serve as deterrent to escape from lawful custody, regardless of the status of the underlying proceedings. Escape statutes are "intended to protect our jails from force and violence, and further to secure a holding of those convicted of crimes until the day of their punishment." *Pishner*, 73 W. Va. at 748, 81 S.E. at 1048 (Robinson, J., dissenting). That purpose is not lessened by virtue of the nature or timing of the custody, whether it be pre-conviction or post-conviction. Neither guilt nor innocence have been adduced at the "charge" juncture, but one cannot deny the equal necessity of protecting those charged with confining such individuals pending trial and providing a strong disincentive to those in custody to breach that custody. The statute's intended breadth to encompass escape on a pre-conviction charge is made patent by the litany of individuals

9

and facilities from which one may be guilty of escape—many of whom maintain lawful custody *prior to* conviction: "a county sheriff, the director of the regional jail authority, an authorized representative of said persons, a law-enforcement officer, probation officer, employee of the Division of Corrections, court bailiff, or [] any institution, facility, or any alternative sentence confinement[.]" W. Va. Code § 61-5-10. Moreover, the ultimate outcome of the charge is immaterial to the fact that the escape in fact occurred while under custody or confinement due to a pending felony charge. *See Com v. Stoppard*, 103 A.3d 120, 124 (Pa. Super. Ct. 2014) (upholding felony escape conviction where "at the time Appellant fled" he had been charged with felonies which were later withdrawn).

We therefore hold that an individual charged with a felony who escapes from lawful confinement as prescribed in West Virginia Code § 61-5-10 may be convicted of the offense of felony escape irrespective of the ultimate outcome of the charge for which he or she was in lawful custody or confinement. Accordingly, contrary to his assertion, petitioner did not merely violate a condition of his home confinement; he breached the very confinement to which he was subject and, commensurately, the provisions of West Virginia Code § 61-5-10. Accordingly, we find no error in petitioner's conviction of the crime of felony escape.

B.      *NEWLY-DISCOVERED EVIDENCE*

Petitioner next asserts that the trial court erred in denying his motion for a new trial as to the escape and destruction of property charges on the basis of newly-

10

discovered evidence. Petitioner argues that his second counsel (appointed after the first attorney tried the escape and destruction of property case) obtained medical records demonstrating his intoxication at the time of the escape and destruction of property that would have been relevant in his escape trial. This Court has held:

> "A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

Syl., *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979).

We find that there is no reasonable basis upon which this information may be characterized as "newly-discovered." Petitioner reported to the officers and medical personnel upon being apprehended after his escape that he had used heroin and non-prescribed Klonopin. The only "new" evidence according to petitioner's counsel is the

11

actual medical records demonstrating the level of his intoxication.[3] Medical records demonstrating petitioner's intoxication—which were known and available to petitioner and his counsel during trial—satisfy none of the *Frazier* requirements.[4] Accordingly, we find no error in the circuit court's denial of a new trial.

## C.   *SEVERANCE/ELECTION OF ORDER OF TRIALS*

Finally, petitioner claims that the circuit court erred by allowing the State to prosecute the escape and destruction of property charges first. Petitioner maintains that if the grand larceny were tried first, he would have then been in a position to introduce evidence of his misdemeanor petit larceny conviction in the escape trial.

---

[3] Moreover, we note that general intent crimes—such as escape and destruction of property—are not susceptible to intoxication defense; accordingly this information would have been ultimately inadmissible. *See State v. Skidmore*, 228 W. Va. 166, 171, 718 S.E.2d 516, 521 (2011) ("This Court has recognized that voluntary intoxication does not ordinarily excuse a crime. Voluntary intoxication may, however, reduce the degree of the crime or negate a specific intent." (citations omitted)); R. W. Gascoyne, Annotation, *Modern Status of the Rules as to Voluntary Intoxication as Defense to Criminal* Charge, 8 A.L.R.3d 1236 §4(a) (1966) ("The definitions of certain offenses include a specific intent *to do certain things for a specific purpose*, while as to ordinary offenses, the general criminal intent necessary to conviction is deduced from the doing of the criminal act." (emphasis added)).

[4] Further, as the circuit court noted, petitioner's first attorney may not have introduced that evidence for tactical reasons. During oral argument before this Court, petitioner's counsel conceded that any assertion that petitioner's trial counsel should have obtained such information is better suited for habeas review under an ineffective assistance of counsel claim.

12

We find that this error, if any, was invited by petitioner. In his motion to sever the charges, petitioner stated: "Therefore, the Defendant requests that the Honorable Court sever the charges as requested in this motion *and require the State of West Virginia to elect which particular count[s] that the State wishes to try in the first trial*." (emphasis added). It is well-established that "[a] litigant may not silently acquiesce to an alleged error, or actively contribute to such error, and then raise that error as a reason for reversal on appeal." Syl. Pt. 1, *Maples v. W. Virginia Dep't of Commerce, Div. of Parks & Recreation*, 197 W. Va. 318, 475 S.E.2d 410 (1996).[5] We therefore likewise find that the circuit court committed no reversible error in permitting the escape and destruction of property charges to be tried first.

## IV. CONCLUSION

Based upon the foregoing, the November 7, 2016, and November 9, 2016, orders of the Circuit Court of Wood County are hereby affirmed.

Affirmed.

---

[5] Moreover, given our conclusion hereinabove that felony escape may be founded on a felony *charge* or conviction, evidence of the misdemeanor conviction would have likely been immaterial.

13