**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**State of West Virginia,
Plaintiff Below, Respondent**

**vs.)  No. 20-0329** (Berkeley County CC-02-2018-F-39)

**Lateef McGann,
Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Lateef McGann, by counsel Robert C. Stone Jr., appeals the order of the Circuit Court of Berkeley County, entered on April 2, 2020, sentencing him to penitentiary confinement for two years upon his felony conviction of escape, and confinement in a regional jail for one year upon his misdemeanor conviction of destruction of property. Respondent State of West Virginia appears by counsel Patrick Morrisey and Elizabeth Grant.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 1, 2017, a supervising home incarceration officer for Lateef McGann, who was awaiting trial on charges of malicious wounding and conspiracy to deliver crack cocaine, received notice that Mr. McGann's monitoring device had been compromised. The officer investigated and found the device in pieces, with the ankle strap cut, and discarded roadside. The circuit court issued a capias warrant, and police arrested Mr. McGann shortly thereafter. Mr. McGann was indicted on charges of felony escape, petit larceny (because the charging cord for Mr. McGann's monitoring device was not recovered), and destruction of property.

Prior to Mr. McGann's trial on these charges, the State advised the circuit court that a conviction under West Virginia Code § 61-5-10 ("the escape statute") required the State to prove that Mr. McGann's home incarceration was related to a felony. Mr. McGann argued that the distinction between misdemeanor and felony yielded a sentencing enhancement only, and that the jury should not be informed that Mr. McGann was charged with a felony offense. The circuit court agreed with the State's position and, in response to the court's ruling, Mr. McGann agreed to

1

stipulate that at the time he discarded his monitoring device he "was on bail for a felony charge."

At trial, Mr. McGann stipulated as agreed, and he testified in his defense. He acknowledged the facts set forth above, but testified that he panicked when he, his girlfriend, and their children were evicted from the girlfriend's home (the official location for purposes of Mr. McGann's home incarceration) and he failed to notify his supervising officer of the eviction. Mr. McGann testified that he did not attempt to escape but removed his monitoring device in his hotel room. The jury found Mr. McGann guilty of escape and destruction of property, and he was sentenced as described above. Mr. McGann filed a motion for a new trial, and the circuit court denied his motion.

On appeal, Mr. McGann presents two assignments of error. He argues, first, that because he was serving home incarceration as a condition of pretrial bail, he was not in custody for purposes of the escape statute. He argues, second, that he was forced to stipulate that his home incarceration was related to a felony, prejudicially coloring his character before the jury, though the jury was not required to make a finding concerning the status—either misdemeanor or felony—of the crime for which he was incarcerated. Both questions require our interpretation of the respective controlling statutes. "'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syl. pt. 1, *Chrystal R.M. v. Charlie A. L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State v. Gamble*, 211 W. Va. 125, 563 S.E.2d 790 (2001).

The escape statute, central to Mr. McGann's assignments of error, provides:

> Whoever escapes or attempts to escape by any means from the custody of a county sheriff, the director of the regional jail authority, an authorized representative of said persons, a law-enforcement officer, probation officer, employee of the division of corrections, court bailiff, or from any institution, facility, or any alternative sentence confinement, by which he or she is lawfully confined, if the custody or confinement is by virtue of a charge or conviction for a felony, is guilty of a felony and, upon conviction thereof, shall be confined in a correctional facility for not more than five years; and if the custody or confinement is by virtue of a charge or conviction for a misdemeanor, is guilty of a misdemeanor and, upon conviction thereof, he or she shall be confined in a county or regional jail for not more than one year.

W. Va. Code § 61-5-10.

We begin with Mr. McGann's argument that he was not in—and therefore could not have escaped from—the State's custody when he removed his monitoring device. We analyzed the escape statute in *State v. Allman*, 240 W. Va. 383, 813 S.E.2d 36 (2018), and upheld the conviction of a defendant who cut and detached his monitoring strap devices while serving home incarceration in anticipation of his trial on a felony charge. Mr. McGann's situation is without distinction. We explained that the "purpose [of the escape statute as a deterrent to escape from lawful custody] is not lessened by virtue of the nature or timing of the custody, whether it be pre-conviction or post-conviction." *Id*. at 389, 813 S.E.2d at 42. Mr. McGann was in the custody of the State for purposes of the escape statute when he removed his monitoring device.

Turning to Mr. McGann's second assignment of error, wherein he argues that the status of the offense is relevant only in determining the defendant's potential sentence, we again take guidance from *Allman*. Therein, we clarified that in a prosecution for felonious escape, "the focus is on the nature of the charges from which the individual escaped lawful custody." *Id*. at 389, 813 S.E.2d at 42. It is apparent, then, that the nature of the charges is not merely an incidental afterthought, but instead is a material element of the crime charged. Mr. McGann's indictment specifically charged that he "feloniously" escaped. Because "[i]n a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged[,]" Syl. Pt. 7, in part, *State v. Jenkins*, 191 W. Va. 87, 443 S.E.2d 244 (1994), the State was required to prove the essential element of felonious escape that is at issue here: that Mr. McGann's "custody or confinement [was] by virtue of a charge or conviction for a felony." *See* W. Va. Code § 61-5-10. Accordingly, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 27, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton